# CHARLESTON.

FOUGHTY v. OTT, STATE COMPENSATION COMMISSIONER.

Submitted March 14, 1917.    Decided March 27, 1917.

1. MASTER AND SERVANT—*Workmen's Compensation Act—Employees Included—Place of Injury.*

   An employee employed by any person, firm, association or corporation, in carrying on any form of industry or business in this state, and who is not employed wholly without the state, is an employee protected by the provisions of our Workmen's Compensation Act, though his injuries or death be sustained while performing some of his duties in an adjoining state.    (p. 89).

2. SAME—*Workmen's Compensation Act—Liability—Election.*

   The principles enunciated in *Gooding v. Ott, State Compensation Commissioner,* 77 W. Va. 487, 87 S. E. 862, re-affirmed.    (p. 89).

3. SAME—*Workmen's Compensation Act—Claim—Additional Evidence.*

   Where the facts concerning a claim for compensation, arising under said act, are not sufficiently developed by evidence presented by the claimant to, or upon inspection or evidence procured by, the compensation commissioner, to enable him or the court to arrive at the real merits of the claim, an order may be entered here requiring the commissioner to permit claimant to present or to himself obtain additional evidence, if any, properly to present the case, and if the claim be thereby sustained to ascertain and pay the compensation to which the claimant may be entitled.    (p. 91).

Appeal from Order of State Compensation Commissioner.

Proceedings under the Workmen's Compensation Act by Mrs. Mont Foughty to obtain compensation for the death of her husband, Mont Foughty, while employed by the Southern Torpedo Company.    Compensation was denied by Lee Ott, Compensation Commissioner, and the petitioner appeals.

*Remanded to State Compensation Commissioner, with leave to claimant to furnish additional proof.*

*Simms & Staker,* for appellant.

*E. T. England,* Attorney General, *Frank Lively,* Assistant Attorney General, and *S. B. Avis,* for appellee.

MILLER, JUDGE:

Claimant is the widow of Mont Foughty, an oil well shooter, employee of the Southern Torpedo Company, a corporation engaged in the business of "manufacturing nitroglycerine and shooting oil and gas wells", with factory and principal place of business in this state. Prior to the death of Foughty said company had applied for and was duly qualified under the Workmen's Compensation Act, of this state, covering its said business.

The record shows that Foughty resided in Lincoln County, this state, and was employed by, and had been in the service of said company, in shooting oil wells for several years prior to March 6, 1916, when he was killed by an explosion of nitroglycerine while engaged in shooting or preparing to shoot an oil well in the State of Kentucky, just across the West Virginia line two or three miles.

The commissioner denied claimant participation in the Workmen's Compensation fund upon several grounds: First, that the injuries of deceased were not sustained in West Virginia, in the course of his employment, but in Kentucky; Second, that the torpedo company, employer, in shooting oil and gas wells in Kentucky was not an employer regularly employing other persons for profit, or for the purpose of carrying on any form of industry in this state, wherefore claimant is not entitled to participate in said compensation fund; Third, as he construes it, our law is compulsory, not elective, or voluntary, nor a part of the contract of employment, and has no extra territorial effect to cover injuries occurring without the state. Other reasons argumentative in character and based on the commissioner's construction of the statute are also given.

On the first ground assigned by the commissioner there is apparently no evidence in the record showing whether deceased was employed to shoot oil and gas wells in West Virginia, or whether in fact he had ever done any shooting of wells in this state. If, as may be the fact, he was employed to shoot oil wells in this state, though his duties may have also extended to shooting wells in Kentucky, we think for reasons given in *Gooding* v. *Ott, State Compensation Com-*

*missioner,* 77 W. Va. 487, 87 S. E. 862, both employer and employee were covered by the statute.

The commissioner and his counsel, regarding the Gooding Case distinguishable from this, are, nevertheless, disposed to question the correctness of that decision, and have presented authorities and arguments which they regard as supporting their views of the statute, most, if not all, of which were considered by us in the Gooding Case. We commend the efforts of counsel, and can but speak in praise of the pains-taking care of the honorable compensation commissioner in his efforts to conserve and properly administer the compensation fund. However, after carefully going over and re-considering our holdings in the Gooding Case, in connection with the report of the commissioner in this case, and the authorities cited by counsel, we are disposed, as then, to hold that the statute covers all cases fairly falling within the principles of that case. The commissioner and counsel call attention to several sections of the statute, which are thought to have been disregarded in the Gooding Case; but they were all considered in that case and we do not think any of them materially affect our holdings in that case.

Respecting the second ground on which the commissioner rejected the claim, though it does appear that the torpedo company was engaged in manufacturing nitroglycerine in this state, it does not appear whether it carried on the business of shooting oil wells in West Virginia. It does appear that it maintained a magazine for storing nitroglycerine in Kentucky. Of course if it was not engaged in shooting oil wells in this state, or deceased was not employed here, but entirely in Kentucky, the latter would not be an employee within the definition of our statute, and with respect to that part of the business of the employer, neither employer nor employee would be covered by the compensation fund.

The third ground for rejecting the claim, that our statute is compulsory and not elective or voluntary, and has no extra territorial effect, is answered by the Gooding Case. The principal ground for challenging that decision is based upon the proposition that our statute is compulsory, and not, as we held in the Gooding Case, elective. If counsel are in error

on this proposition their contentions are conceded to be groundless. We have considered the decisions cited from other states. Most if not all of those relied upon involved statutes dissimilar to ours, and are clearly distinguishable. We cannot recede from our former construction of the statute. By its very terms the statute must be given a liberal construction.

The torpedo company applied for protection in "manufacturing nitroglycerine and shooting oil and gas wells." Both branches of its business we think are covered by the statute. The first is conceded to be covered by classification (t), and we think the second branch, "shooting oil and gas wells" is fairly covered by classification (b), of section 18, of the Workmen's Compensation Act, as amended by chapter 9, Acts of 1915. The torpedo company's application shows at all events that its application was to cover both branches of its business, and may it not be assumed that it qualified and paid the premiums into the compensation fund as assessed by the commissioner therefor.

As already indicated, the facts have not been sufficiently developed before the commissioner, either by evidence presented to him by the claimant, or by any inspection or investigation by the commissioner, so far as the record shows, to enable us to determine the real merits of the claim. We are, therefore, of opinion to enter an order requiring the commissioner to permit claimant to present or obtain additional evidence, if any, to properly develop the case, and if it be found that deceased was employed by the torpedo company to shoot oil and gas wells in West Virginia, though he sustained the injury resulting in his death while temporarily pursuing his employment across the line in the State of Kentucky, to ascertain the compensation to which she would be entitled and to pay the same.

*Remanded to State Compensation Commissioner, with leave to claimant to furnish additional proof.*