Smith v. Van Noy Interstate Co.

JOHN THOMAS JEFFERSON SMITH *v.* VAN NOY INTERSTATE CO. *et al.*\*

(*Nashville.* December Term, 1923.)

1. **MASTER AND SERVANT.** Compensation Act held to include injuries arising out of state.

Under Workmen's Compensation Act, which is optional, relation of employer and employee is contractual, and terms of act are to be read as part of every contract of service between those subject to its terms, and includes injuries out of State as well as those arising within it. (*Post, pp.* 28-36.)

Acts cited and construed: Acts 1919, ch. 123.

Cases cited and approved: Hicks v. Maxton, 1 B. W. C. C., 150; Tomalin v. S. Pearson & Son, 2 K. B, 61; Schwartz v India Rubber, G. & Teleg. Works Co., 2 K. B., 299; Gould's Case, 215 Mass., 480; Union Bridge & Const. Co. v. Industrial Comm., 287 Ill., 396; North Alaska Salmon Co. v. Pillsbury, ·174 Cal., 1; Hunter v. Coal Co., 175 Iowa, 245; Foughty v. Ott, 80 W. Va., 88

Cases cited and distinguished: Spratt v. Sweeney & G. Co., 168 App. Div., 403; Industrial Comm. v. Aetna Life Ins. Co., 64 Colo., 480; Rounsaville v. Central R. Co., 87 N. J. Law, 371; Grinnell v. Wilkinson, 39 R. I., 447; Pierce v. Bekins Van & Storage Co, 185 Iowa, 1346; Gooding v. Ott, 77 W. Va., 487; State ex rel. Chambers v. District Court, 139 Minn., 205; Anderson v. Miller Scrap Iron Co., 169 Wis., 106; Mackin v. Detroit-Timkin Axle Co., 187 Mich., 8.

2. **MASTER AND SERVANT.** Lex loci contractus governs obligations under Compensation Act.

---

\*On extraterritorial operation of Workmen's Compensation Statutes, see notes in L. R. A., 1916A, 443; 3 A. L. R., 1351.

Cause of action of employee under Workmen's Compensation Act being *ex contractu, lex loci contractus* governs construction of contract made in this State, and determines legal obligations arising therefrom, though contract calls for work outside of State. (*Post, pp.* 36, 37.)

*Headnotes 1. W. C. A., section 28; 2. W. C. A., section 28.

FROM SHELBY.

Appeal from the Circuit Court of Shelby County.—Hon. Ben L. Capell, Judge.

J. O. Bomer, Jr., for petitioner.

M. E. Lesser, for defendants.

Mr. Justice Hall delivered the opinion of the Court.

The petitioner, John Thomas Jefferson Smith, is a resident of the city of Memphis, Shelby county, Tenn.

The Van Noy Interstate Company is a corporation with an office and agent in the city of Memphis, Shelby county, Tenn., and is engaged in the operation of railroad hotels and eating houses in a number of the States of the union.

The Ocean Accident & Guaranty Insurance Company of London is an English corporation, but is domesticated and qualified to do business in this State.

On March 2, 1922, the agent of the Van Noy Interstate Company at Memphis employed the petitioner, John Thomas Jefferson Smith, to work for that company as a house carpenter in its railroad hotel, located at Wynne, Ark., at a wage of $90 per month. At the time this contract of employment was entered into, Smith lived in Mem-

phis and the contract was made in Memphis. The contract of employment was for work outside the State.

The Van Noy Interstate Company was operating under the Workmen's Compensation Act (chapter 123, Acts of 1919). The Ocean Accident & Guaranty Insurance Company carried its risk or insurance.

On March 6, 1922, at about the hour of 3 p. m., Smith, while in the performance of his duties at the Van Noy Interstate Company's hotel in the city of Wynne, Ark., fell from a ladder and sustained a fracture of his left hip. He was thereafter sent to St. Joseph Hospital at Memphis, where the fracture was set, and he was placed in a plasted of paris cast, where he remained for some 10 weeks. He is now totally and permanently disabled as a result of said injury. Notice of said injury was given both to the Van Noy Interstate Company and the insurance company within 30 days after said accident, in accordance with the provisions of the Workmen's Compensation Act. Defendants having refused to pay Smith compensation for his injury, he instituted the present action by petition in the circuit court of Shelby county to recover the same.

Defendants deny petitioner's right to recover, on the ground that he was injured while engaged in the performance of his duties under his contract with the Van Noy Interstate Company outside of the State of Tennessee, and therefore the Tennessee Workmen's Compensation Act has no application, and petitioner is not entitled to recover from defendants compensation under said act.

The circuit judge dismissed Smith's petition, being of the opinion that the Tennessee Workmen's Compensation Act was not applicable to his injury, but that the law of

the State where he sustained the injury alone was applicable.

From this judgment Smith has appealed to this court, and has assigned the action of the circuit judge dismissing his petition and denying him compensation for his injury under the Tennessee Workmen's Compensation Act for error.

Section 19 of our act provides:

"That when an accident happens while the employee is elsewhere than in this State, which would entitle him or his dependents to compensation had it happened in this State, the employee or his dependents shall be entitled to compensation under this act if the contract of employment was made in this State, unless otherwise expressly provided by said contract."

The contention of defendant that the act does not apply where the accident occurs outside of the State finds support in the English cases. See *Hicks* v. *Maxton,* 1. B. W. C. C., 150; *Tomalin* v. *S. Pearson & Son,* 2 K. B., 61, 100 L. T. N. S., 685; *Schwartz* v. *India Rubber, G. & Teleg. Works Co.,* 2 K. B., 299, 106 L. T. N. S., 706. These cases unequivocally hold that no liability exists where the accident occurs outside of the British empire

The first case to be decided in this country is Gould's Case, 215 Mass., 480, 102 N. E., 693, Ann. Cas. 1914D, 372. In that case the Massachusetts court followed the English holding. That case, however, has not been followed, in many States, and the rule announced therein has met much adverse criticism, as will be demonstrated by an examination of the later cases.

Mr. Bradbury followed the rule announced in the Massachusetts case in the first edition of his work (Bradbury,

Workmen's Comp. [1st Ed.] p. 44), but when the second edition appeared he had modified his views (1 Bradbury, Workmen's Comp. [2d Ed.] pp. 50, 51), and in the third edition (Bradbury, Workmen's Comp. [3d Ed.] p. 92), he said:

"Therefore, now, as in the second edition of this work, partially receding from the position taken in the first edition of this work, although that position has been sustained by eminent authority, it is believed that the doctrine which must be established finally will be, in effect, that the law of the place where a contract of employment is made will govern the rights and liabilities of employees and employers to claim and to pay compensation."

That Mr. Bradbury was convinced that the weight of authority was against the Massachusetts holding, and that it should not be followed, is evidenced by a note prepared by him to the case of *Spratt* v. *Sweeney & G. Co.,* 168 App. Div. 403, 153 N. Y. Supp., 505, found in 9 N. C. C. A., 918. After citing the Gould Case and other earlier cases, he said:

"Upon more mature deliberation, however, other courts came to a contrary conclusion. They held that, inasmuch as the liability of an employer to pay compensation for injury to an employee was essentially a contractual one under the Workmen's Compensation Acts, such statutes had extraterritorial effect, to the extent that, where the employer and the employee were both residents of the State where the contract of employment was made, the law of that State would be applied, even though the accident happened without the State."

The Illinois court also sustains the contention of defendant. *Union Bridge & Constr. Co.* v. *Industrial Com-*

*Mission,* 287 Ill., 396, 122 N. E., 609. While it is true that by the title to the Illinois act (Laws 1913, p. 335) it is limited to "accidental injuries or deaths suffered . . . within the State," the court did not rest its decision on this fact alone, but followed the doctrine of the Gould Case.

The Supreme Court of California, in *North Alaska Salmon Co.* v. *Pillsbury,* 174 Cal. 1, 162 Pac. 93, L. R. A. 1917E, 642, held that the act of that State did not cover accidents occurring outside the State. But the California act is a compulsory one—not optional, as is ours. This undoubtedly had much to do with the result in this case, which was disposed of on rehearing.

We shall now consider the decisions of some of the States sustaining the contention of petitioner (appellant here). The gist of the later decisions is quite well stated by the Supreme Court of Colorado in *Industrial Commission* v. *Ætna Life Insurance Co.,* 64 Colo., 480, 174 Pac., 589, 3 A. L. R., 1336, where the question was before the court. After considering the case and quoting from Bradbury's second edition, it is said:

"The later authorities in this country base the conclusion chiefly on the proposition that, under voluntary compensation statutes such as ours, the cause of action of petitioner is *ex contractu,* and that the *lex loci contractus* governs the construction of the contract and determines the legal obligations arising under it.

"The provisions of the Compensation Act are to be construed as written into the contract, and therefore a part of it."

The question has been before the courts of New Jersey on several occasions. In *Rounsaville* v. *Central R. Co.,* 87 N. J. Law, 371, 94 Atl., 392, it was said:

"We are now dealing with the simpler question whether a New Jersey court will enforce a New Jersey contract according to the terms of a New Jersey statute. The question hardly calls for an answer. The place where the accident occurs is of no more relevance than is the place of accident to the assured in an action on a contract of accident insurance, or the place of death of the assured in an action on a contract of life insurance."

The Supreme Court of Rhode Island fully considered the question in an exhaustive opinion in *Grinnell* v. *Wilkinson,* 39 R. I. 447, 98 Atl., 103, L. R. A., 1917B, 767, Ann. Cas., 1918B, 618, and concluded:

"We are of the opinion that the reasoning of the cases above cited from New York, New Jersey, and Connecticut is quite applicable to the case at bar; that under the Workmen's Compensation Act of Rhode Island the relation of employer and employee is contractual, and the terms of the act are to be read as a part of every contract of service between those subject to its terms; that on principle and in reason, and in view of the purpose, scope, and character of the act, it should be construed and held to include injuries arising out of the State as well as those arising within it; and that the weight of authority upon acts similar to our own gives full support to our conclusion."

The question was before the Supreme Court of Iowa in *Pierce* v. *Bekins Van & Storage Co.,* 185 Iowa, 1346, 172 N. W., 191. In that case the court said:

"We hold that we are not precluded from finding that our own statute covers injuries sustained in another State

because the act does not, in terms, declare that the statute shall have such effect, and that we may find it has such effect because its language is broad enough to cover such injuries, and that to construe it as covering them effects the broad beneficial object of the enactment. . . .

"Our statute is confessedly elective. We are told that no distinction in construction is to be based upon whether the act is compulsory or elective. That is true as to some provisions of Compensation Acts. But that the statute is elective has controlling bearing on one thing that is most highly important. Where the statute is elective as to both employer and employee, payment of compensation is not the performance of a statute duty, but the performance of conditions in the contract of hiring, which conditions are in the contract by means of reading the Compensation Statute into the contract. . . . The entire structure of the Iowa act, not only fails to prohibit such a contract, but by being elective creates a contractual relation under a contract providing for settlement on a standard fixed by the Iowa act. Such a contract is no more objectionable than one providing for a common-law arbitration. See *Hunter* v. *Coal Co.,* 175 Iowa, 245, 154 N. W., 1037, 157 N. W., 145, L. R. A., 1917D, 15 Ann. Cas., 1917E, 803 [11 N. C. C. A., 886]. Under such a contract, the employee could not refuse to obey if the master directed him to leace the State to perform an act in the course of the employment. If he did obey, there is no reason why the master should be allowed to repudiate that part of the contract of employment which provided how compensation should be made if the servant suffered an injury while obeying this direction. Such a contract protects both, and defines the rights of both. The master is assured of the limitations of his

liability. The servant is assured of definitely fixed compensation, mutually agreed upon as adequate, and that he will receive the same promptly and without the vexation or expense of litigation.

"We hold that the employee in this case has a valid contract, which allows him to recover compensation according to the terms of the statute for an injury suffered in Nebraska; that the case stands precisely as if it had been expressly contracted that for an injury suffered outside of the State the compensation due should be determined by the terms of the Iowa statute."

In *Gooding* v. *Ott,* 77 W. Va., 487, 87 S. E., 862, L. R. A., 1916D, 637, the court said:

"A distinction has been noted in some of the authorities between cases arising under compulsory statutes and those controlled by statute, as in New Jersey, and we think in this State, which are optional. Where the statute compels submission by the employer and employee, there is no contract, as a general rule, enforceable outside of the State. But where, as in New Jersey and in this State, the statute makes acceptance optional, and the parties freely enter into the contract of employment with reference to the statute, the statute should be read into the contract as an integral part thereof, binding the parties, and enforceable in any jurisdiction the same as any other contract."

This case was followed in *Foughty* v. *Ott,* 80 W. Va., 88, 92 S. E., 143.

The Supreme Court of Minnesota in *State ex rel. Chambers* v. *District Court,* 139 Minn., 205, 166 N. W., 185, 3 A. L. R., 1347, had this identical question before it. It called attention to the diversity of authorities, and tersely stated:

"The weight of authority supports the view that, under an elective act like ours and with facts such as are present, an accidental injury though it occurs outside the State is compensable. This view we adopt."

The Supreme Court of Wisconsin considered the question in the recent case of *Anderson* v. *Miller Scrap Iron Co.,* 169 Wis. 106, 170 N. W., 275, 171 N. W., 935, and there said:

"As has been said, the Workmen's Compensation Act is based upon the economic theory that it is in the interest of the general welfare that damages arising from injuries sustained by persons engaged in a particular industry shall be borne by that industry. The liability of the employer at common law was limited to cases where negligence could be established. Where negligence was established, the burden was borne in the first instance by the employer, who ordinarily had an opportunity to pass all or a part of the burden on. In cases where negligence could not be established, the injured employee bore the entire burden with no opportunity to pass it on. Under the Workmen's Compensation Act the burden falls upon society at large, and is not borne entirely either by the employer or by the employee. If the application of the law be limited to injuries occurring within this State, then in the case of injuries sustained without the State the employer will not be liable, except he be negligent, and where he is not negligent the whole loss must be borne by the employee, and the whole legislative purpose is, as to injuries sustained without the State, defeated. We have extensive borders; thousands of employees are passing out of and into Wisconsin daily, and almost hourly, in the discharge of their ordinary duties. Can it be

that the Legislature intended that every time these employees crossed the State line their right to compensation for injuries incidental to and growing out of their employment should be changed, and that as to injuries which occur beyond the State line the old system instead of the new should apply?  .  .  .

"If the Workmen's Compensation Acts of the several States are to be given effect so as to make them general in their application, they must be held to apply to injuries to employees wherever they occur. If accidents occurring without the State are to be in one class and accidents occurring within the State are to be in another class, every State might have a workmen's compensation act and yet both the old and the new systems would still be in force and the legislative purpose would not be accomplished. The construction here placed upon the act will give the legislative intent full effect, and if recognized by the courts of sister States will give every employee the remedy provided by the Workmen's Compensation Act under which his contract of employment was made."

The authorities, and particularly the later ones, lead irresistibly to the conclusion that, where the act is an optional one as is ours, the relations are contractual, and the provisions of the act become a part of the contract of employment, the employer agreeing to pay, and the employee agreeing to accept, compensation, in case of accident, in accordance with the provisions of the act. That the relation under our act is contractual has been recognized by this court. In *Mackin* v. *Detroit-Timkin Axle Co.*, 187 Mich., 8, 153 N. W., 49, it was said:

"In some states the law is made compulsory upon both parties, or upon one with choice to the other, giving rise to

questions which need not be considered here, since the law in this State, as applied to this case, becomes operative upon neither employer nor employee who does not expressly or impliedly consent; but if the employer so elects, and the employee does not give written notice to the contrary, he is conclusively presumed to have consented, and comes under the act.''

We think the reasoning of the cases above cited is quite applicable to the case at bar; that under our Workmen's Compensation Act the relation of employer and employee is contractual, and the terms of the act are to be read as a part of every contract of service between those subject to its terms; that on principle and in reason, and in view of the purpose of the act, it should be construed and held to include injuries arising out of the State as well as those arising within it. The cause of action of petitioner is *ex contractu,* and the *lex loci contractus* governs the construction of the contract and determines the legal obligations arising from it. The mere fact that under the contract of employment petitioner's work was to be outside of the State is not controlling. The contract was made within the State, and according to the great weight of authority the *lex loci contractus* governs the construction of the contract and determines the legal obligations of the parties.

It results that the judgment of the court below will be reversed, and a judgment will be entered in this court in petitioner's favor and against defendants for the sum of $11 per week for not exceeding 400 weeks, and after which compensation at the rate of $5 per week for the period of 150 weeks will be paid petitioner, makinng a total of 550 weeks for which compensation shall be paid; payments

Smith v. Van Noy Interstate Co.

to be made at the intervals when the wage pay was payable by defendant Van Noy Interstate Company to petitioner under the contract of employment, as nearly as may be.

Defendants will also be taxed with the costs of the suit.