HOWARD C. MITCHELL

*v.*

WALLACE CLOWSER, *D/B/A* CLOWSER MOBILE SALES

(CC 880)

Submitted September 9, 1969. Decided November 18, 1969.

*George M. Cooper,* for plaintiff.

*William M. Kidd,* for defendant.

CAPLAN, JUDGE:

This case is before the Court on certification from the Circuit Court of Braxton County. It involves an action instituted by the plaintiff, Howard C. Mitchell, against the defendant, Wallace Clowser, d/b/a Clowser Mobile Sales, wherein the plaintiff seeks to recover damages for injuries which he alleges he received while in the employment of the defendant.

The facts giving rise to this controversy are revealed by the pleadings and stipulations filed by the parties, there having been no evidence presented in the trial court. It appears therefrom that the defendant is engaged in the business of selling mobile homes. His place of business from which all sales are made is in Braxton County and it is there that title to and possession of the mobile homes sold by him pass to his customers. Over a three year period, approximately 77% of the mobile homes sold in his business were purchased by him outside the state. The defendant acknowledged that he did not have any kind of registration from the Interstate Commerce Commission which authorized the interstate transportation for hire of commodities or persons. Furthermore, it was stipulated that the defendant was not a subscriber to the State Workmen's Compensation Fund.

The plaintiff who was regularly employed by the defendant at his place of business in Braxton County and W. L. Carr, a fellow employee, were instructed by the defendant to go to Columbus, Ohio for the purpose of preparing for transportation a mobile home which

had been purchased by the defendant. The plaintiff alleges in his complaint that in so preparing the mobile home it was necessary for them to remove a certain awning, which, because of its weight, had to be removed in sections; that by reason of the negligence of Mr. Carr the entire weight thereof was shifted onto the plaintiff, twisting his back and causing him to fall to the ground; and that he thereby sustained severe and permanent injuries. Although the plaintiff alleged further acts of negligence on the part of the defendant, it was stipulated that he relied for recovery solely on the negligence of his fellow servant, W. L. Carr.

It is the position of the plaintiff that the defendant, being an employer as defined by the workmen's compensation laws of our state, is chargeable with the negligence of his employee, W. L. Carr, for the reason that the defendant was not a subscriber to the West Virginia Workmen's Compensation Fund. In brief, asserts the plaintiff, by his failure to be such a subscriber the defendant is deprived of the right to invoke his common-law defenses.

In his answer the defendant relies on several defenses, the principal ones being that the plaintiff fails to allege "that he was injured in this state thereby making said Workmen's Compensation laws applicable"; that the defendant was not guilty of any negligence; and that the defendant is not liable for any injuries sustained by the plaintiff by reason of the negligence of the plaintiff's fellow servant. Basically, the defendant asserts throughout his defense in this case that he was engaged in interstate commerce, that the defendant was injured outside the state and that the state compensation laws were not applicable. Therefore, he says, he is entitled to invoke the common-law defense, the fellow-servant rule in the instant case.

The plaintiff moved to strike certain portions of the defendant's answer, principally that he was entitled to

plead the fellow-servant rule. By order dated May 17, 1969 the Judge of the Circuit Court of Braxton County expressed his opinion that since approximately 77% of the mobile homes purchased by the defendant were purchased outside the state and were transported into this state for resale, the nature of the defendant's business was interstate and intrastate. He further reasoned that since, as indicated by the stipulations, the plaintiff and defendant did not jointly petition for workmen's compensation coverage, the workmen's compensation act was not applicable and the defendant could avail himself of his common-law defenses.

The court therefore held that since the plaintiff relied solely upon the negligence of his fellow employee, the defendant could not be liable and the motion of the plaintiff to strike the said defense was denied. On its own motion the court certified to this Court the following questions:

> "(1). Whether an employer, whose residence and place of business is within West Virginia, who is in the business of selling mobile homes and who purchases approximately 77 per cent (77%) of his mobile homes outside this State, and whose employees are employed in this State but perform services for the employer both within and outside this State, is subject to the provisions of the Workmen's Compensation Laws of West Virginia without the employer and employee having jointly petitioned the Workmen's Compensation Commission for coverage under the Workmen's Compensation Act.

> "(2). Whether the purchase outside the State of West Virginia by the Defendant in this action, of 77 per cent of the mobile homes to be resold by him in West Virginia, constitutes interstate business beyond the power of the State of West Virginia to control with respect to its Workmen's Compensation Laws.

"(3). Whether a West Virginia employee of a West Virginia employer, which employer purchases 77 per cent of his mobile homes outside the State of West Virginia for resale within this state, and which employee and employer have not jointly petitioned the Workmen's Compensation Commissioner for coverage under the Workmen's Compensation Act, and not otherwise a subscriber to the Workmen's Compensation Fund, loses the benefits and protection of the Workmen's Compensation Act if injured while temporarily outside the State of West Virginia, but while working for such employer outside this state.

"(4). Whether such an employer, whose employee is injured, allegedly by the negligence of his fellow servant, while temporarily outside the State of West Virginia, but while working for such employer outside this State, is barred, by the provisions of Chapter 23, Article 2, Section 8, of the Code of West Virginia, from availing himself of the common law defenses set out in the Answer of the Defendant herein."

It is most pertinent to the decision of this case to determine whether the defendant, by purchasing 77% of his mobile homes outside the state was, in fact, engaged in interstate commerce. As noted above, it was stipulated by the parties that all mobile homes purchased by the defendant outside the State of West Virginia became the property of and title passed to the defendant before he did any work thereon preparatory to moving them to his place of business in this state. All sales made by the defendant were made at his place of business in Braxton County, West Virginia, at which time and place title to and possession of the mobile home passed to the purchaser. The defendant was clearly a retail dealer in mobile homes. In view of the above mentioned stipulations the character of this retail business was intrastate. Does the fact that the defendant purchased most of the mobile homes outside the state render this an interstate business?

The business of the defendant, the retail sale of mobile homes, is carried on and completed wholly within the borders of the State of West Virginia. This substantially comports with most definitions of intrastate commerce. Commerce connotes the exchange of goods, products or property. In order that there be an exchange there must be intercourse or dealing between or among people. In the instant case the exchange is between the defendant who sells the mobile home and the buyer who purchases it. The defendant's purchase outside the state of the products he sells in Braxton County is merely incidental to his principal business and does not change the character thereof from intrastate to interstate. See *Arslain* v. *Alderson*, 126 W. Va. 880, 30 S. E.2d 533; *Western Live Stock* v. *Bureau of Revenue*, 303 U. S. 250, 58 S. Ct. 546, 82 L. Ed. 823. Were this not so anyone engaged in business in this state, retail or otherwise, could avoid many obligations by showing that he purchased his products outside the state and that he was therefore engaged in interstate commerce. A retail auto dealer or one engaged in the retail sale of furniture, whose employee was injured in the course of and as a result of his employment, could escape the penalty set out in Code, 1931, 23-2-8, as amended, by showing that the products sold by him were purchased outside the state. If this were a proper interpretation of the law most employers could evade the consequences of our workmen's compensation law and nullify the intended purpose thereof. They could refuse to subscribe to the fund and yet, if sued by an employee for an injury received while on the job, could reap the benefit of invoking their common-law defenses.

Answering the question above posed, even though under some definitions the defendant's purchase of mobile homes in the State of Ohio and their transportation to Braxton County in this state constitute an element of interstate commerce such purchase and transportation is

not the principal character of the defendant's business. We believe, however, that since the defendant paid for and took possession of and title to the mobile home prior to its removal from Ohio to West Virginia there was no interstate transaction. Therefore, we are of the opinion that the defendant, Wallace Clowser, was engaged in intrastate, not interstate, commerce. Being an employer in intrastate business he is subject to the provisions of our workmen's compensation laws.

In view of our holding that this employer is operating an intrastate business, the fact that the plaintiff was injured outside the state does not deprive him of the protection afforded by the workmen's compensation act. The last paragraph of Code, 1931, 23-2-1, as amended, provides, where pertinent: "Any employee within the meaning of this chapter whose employment necessitates his temporary absence from this State in connection with such employment, and such absence is directly incidental to carrying on an industry in this State, who shall have received injury during such absence in the course of and resulting from his employment, shall not be denied the right to participate in the workmen's compensation fund."

In the instant case the plaintiff was in Columbus, Ohio at the direction of his employer, the defendant herein, his temporary absence from this state being "directly incidental" to carrying on a business in this state. He received the subject injury "during such absence in the course of and resulting from his employment." The plaintiff therefore comes within the above quoted statute and cannot be denied his rights under the compensation laws of this state. The defendant having failed to become a subscriber to the State Workmen's Compensation Fund and being an employer within the definition contained in Code, 1931, 23-2-1, as amended, is subject to the provisions of Code, 1931, 23-2-8, as amended, which provides that for such failure he "shall not avail himself of the

following common-law defenses: The defense of the fellow-servant rule; the defense of the assumption of risk; or the defense of contributory negligence; * * *."

Therefore, the defendant shall not be permitted to avail himself of the stated common-law defenses.

By reason of our decision that the character of the business of the defendant is intrastate rather than interstate, we deem it unnecessary to answer specifically each of the questions certified to this Court. The ruling of the Circuit Court of Braxton County is reversed and the case is remanded to that court for such further proceedings, consonant with this opinion, as may be proper.

*Reversed and remanded.*