327 S.E.2d 470

**Bernard L. FAUSNET**

v.

**STATE WORKERS' COMPENSATION COMMISSIONER, WORKERS' COMPENSATION APPEAL BOARD, and Appalachian Drilling Company, Inc.**

**No. 16444.**

Supreme Court of Appeals of West Virginia.

March 8, 1985.

**490**

Dan L. Hardway, Charleston, for appellant.

Bowles, McDavid, Graff & Love, Sarah E. Smith, John W. Woods, III, Charleston, for appellees.

McHUGH, Justice:

This case is before this Court upon the petition of Bernard L. Fausnet for an appeal from the final order of the West Virginia Workers' Compensation Appeal Board.[1] That order affirmed the determination of the West Virginia Workers' Compensation Commissioner that Fausnet "was not an employee subject to coverage" under this State's workers' compensation laws. This Court has before it the petition for appeal, all matters of record and the briefs of counsel.

The record indicates that in January 1978 Fausnet began working for Appalachian Drilling Company, Inc. (hereinafter "Appalachian"). Appalachian was engaged in the business of drilling for oil and gas. Fausnet began working for Appalachian in West Virginia and worked for that company at various locations in this State prior to the injury in question.

In May 1978, Fausnet was working for Appalachian at a drilling operation near McConneisville, Ohio. On May 17, 1978, while attempting to connect sections of pipe, Fausnet sustained an injury to his lower back.[2] After the accident, Fausnet left the premises and drove to his home in North Carolina.

Although Fausnet obtained subsequent employment, he never returned to his job with Appalachian. He testified that he experienced pain in his back for some time following the injury and that he received medical treatment upon various occasions.

Pursuant to an application dated July 18, 1978, Fausnet filed a claim in West Virginia for workers' compensation benefits. Although Fausnet's claim was initially held by the Workers' Compensation Commissioner to be compensable,[3] the Commissioner ultimately rejected Fausnet's application for benefits and determined that Fausnet "was not an employee subject to coverage" under this State's workers' compensation laws. That determination was affirmed by the Workers' Compensation Appeal Board. As the opinion of the Appeal Board stated:

[T]he Commissioner was correct in denying compensability of the claim on the ground that the claimant's employment with this employer in Ohio was not temporary in nature. The job in Marietta [near McConneisville] was anticipated to last approximately two months. Although the claimant might have stayed with the company after that job was finished, it is not certain that his next job would have been located in the State of West Virginia. We conclude that the claimant was not an employee subject to coverage under West Virginia Code § 23–2–1 at the time of his alleged injury.

Contending that the decision of the Appeal Board should be affirmed, Appalachian asserts that, upon the facts of this

---

1. The phrase "workers' compensation" is now used in this State in place of the phrase "workmen's compensation." *W.Va.Code*, 23–1–1 [1984].

2. During the various proceedings before the Workers' Compensation Commissioner, Appalachian asserted that Fausnet never worked on May 17, 1978, the date of the alleged injury. Fausnet's records of employment with Appalachian admitted into evidence, as well as the testimony of Robert Swain, a cost control manager of Appalachian, indicated, however, that Fausnet went to work at 11:00 o'clock p.m. on May 16, 1978, and continued working for several hours prior to the injury.

3. Fausnet received temporary total disability workers' compensation benefits from the State of West Virginia for the period of May 18, 1978, to June 3, 1978.

case, the "contact" of Appalachian and Fausnet with West Virginia was insufficient to justify this State's jurisdiction to award Fausnet workers' compensation benefits. In that regard, Appalachian emphasizes, *inter alia,* the fact that Fausnet's home was in North Carolina and that the injury occurred in Ohio. Upon a review of the record, however, this Court is of the opinion that Fausnet was warranted in seeking workers' compensation benefits in West Virginia.

Relevant to this case are the provisions of *W.Va.Code,* 23–2–1 [1976],[4] and *W.Va. Code,* 23–2–1a [1975].

*W.Va.Code,* 23–2–1 [1976], provides that "all persons, firms, associations and corporations regularly employing another person or persons for the purpose of carrying on any form of industry, service or business in this State, are employers within the meaning of this [workers' compensation] chapter...." That statute further provides: "This chapter shall not apply to: * * * (3) Employers of employees while said employees are employed without the State except in cases of temporary employment without the State...."

Furthermore, *W.Va.Code,* 23–2–1a [1975], provides:

Employees subject to this chapter are all persons in the service of employers and employed by them for the purpose of carrying on the industry, business, service or work in which they are engaged, including, but not limited to persons regularly employed in the State whose duties necessitate employment of a temporary or transitory nature by the same employer without the State....

In *Foughty v. Ott,* 80 W.Va. 88, 92 S.E. 143 (1917), the decedent, an "oil well shooter," was killed on the job in Kentucky. His employer, the Southern Torpedo Company, maintained a "factory and principal place of business" in West Virginia. Foughty's widow sought workers' compensation benefits in this State concerning her husband's death. This Court, in *Foughty,* remanded the action to the Workers' Compensation Commissioner for a determination of (1) whether the decedent was employed to "shoot oil and gas wells in West Virginia," and (2) whether the decedent was killed "while temporarily pursuing his employment across the line in the State of Kentucky."

Syllabus point 1 of *Foughty* states:

An employee employed by any person, firm, association or corporation, in carrying on any form of industry or business in this state, and who is not employed wholly without the state, is an employee protected by the provisions of our Workmen's Compensation Act, though his injuries or death be sustained while performing some of his duties in an adjoining state.

An employee, in *Mitchell v. Clowser,* 153 W.Va. 552, 170 S.E.2d 753 (1969), was injured in Ohio while performing services in that state for his employer. The business of the employer, the retail sale of mobile homes, was "carried on and completed wholly within" West Virginia. The employee had been sent to Ohio to inspect a particular mobile home. This Court, in *Mitchell,* afforded to the employee protection under this State's Workers' Compensation Act.

The record in this case reveals that Appalachian maintained an office in Charleston, West Virginia. Furthermore, Fausnet, prior to working upon Appalachian's drilling operation in Ohio, worked for Appalachian in Nitro and Elkins, West Virginia. At the time of his injury, Fausnet was working for Appalachian pursuant to an employment relationship which began in January 1978 in West Virginia.

A case somewhat similar to the case before this Court is *Loffland Brothers v. Baca,* Colo.App., 651 P.2d 431 (1982). In *Loffland,* the employer was engaged in the business of drilling for oil and gas, and it was the employer's practice "to have their drilling employees assigned to a driller on a particular drilling rig." As the court fur-

---

**4.** *W.Va.Code,* 23–2–1 [1976], was amended in 1984. Those amendments, however, are not relevant to this case.

ther described: "The employees are to remain with the driller on a particular drilling site until it is completed. If there is other work available at the completion of that job, they remain in the company's employ. If not, they become unemployed or go to work for another drilling company." 651 P.2d at 432. In that action, three employees were hired "from a Loffland Brothers office in Colorado" to work on a drilling rig in Utah. After working at the Utah job site for approximately two months, the employees were injured in a motor vehicle accident in Utah while being transported to work in a vehicle driven by the driller.

The Colorado court in *Loffland* had before it a statute which provided that employees receiving work related injuries while out of state were entitled to workers' compensation, if such employees were hired in Colorado and if the injuries were received within six months after leaving the state. The court held that jurisdiction existed in Colorado to award the employees workers' compensation benefits.

The Supreme Court of Arizona in *Baker v. Industrial Commission,* 92 Ariz. 198, 375 P.2d 556 (1962), had before it a statute which provided:

> If a workman who has been hired or is regularly employed in this state receives a personal injury by accident arising out of and in the course of such employment, he shall be entitled to compensation according to the law of this state even though the injury was received without the state.

The employee in *Baker* was hired in Arizona by an Arizona corporation to perform construction work at various locations. While working for that employer, the employee was killed in California in a job related accident. The Supreme Court of Arizona held in *Baker* that the employee's family could seek workers' compensation benefits in Arizona.[5]

In *Wright v. Industrial Indemnity Company,* 68 Or.App. 302, 680 P.2d 1018

(1984), an employee was held to be covered by the Oregon Workers' Compensation Act, even though the employee, a long-haul truck driver, was injured in the State of Washington. The Oregon Act covered work related injuries received by an employee while "temporarily" out of state. The court in *Wright* noted, *inter alia,* that the employee was a resident of Oregon, that his employer had a fixed place of business in that state, and that the employee "applied for and received his job" in Oregon.

An employee in *Neumer v. Yellow Freight System, Inc.,* 220 Kan. 607, 556 P.2d 202 (1976), was a resident of Kansas and sought workers' compensation benefits in Kansas for an injury sustained in Missouri. His contract of employment, however, was entered into in Missouri, and the court in *Neumer* held that no jurisdiction existed in Kansas for the awarding of benefits. Syllabus point 1 of *Neumer* states: "Unless otherwise provided in the contract of employment, the Kansas workmen's compensation act (prior to 1974) did not apply to an injury sustained outside of this state unless the contract of employment was made within this state."

*See also Frank E. Basil, Inc. v. Industrial Commission of Arizona,* 130 Ariz. 172, 634 P.2d 984 (1981), employee hired in Arizona and injured on the job in Saudi Arabia entitled to seek workers' compensation benefits in Arizona; *Morin v. Lemieux,* 179 Conn. 501, 427 A.2d 397 (1980), employee, who obtained a contract of employment in Connecticut, covered by Connecticut Workman's Compensation Act for work related injury sustained in Virginia; *Mattel v. Pittman Construction Company,* 248 La. 540, 180 So.2d 696 (1965), an ironworker hired in Louisiana through his union office in that state could seek workers' compensation benefits in Louisiana for an injury he received on the job in Mississippi; *American States Insurance Company v. Garza,* 657 S.W.2d 522 (Ct. of App. Texas 1983), Texas resident "recruited" in

---

**5.** The Supreme Court of Arizona, in *Baker v. Industrial Commission, supra,* stated: "The fact that an employee hired in Arizona continues working in California for the same employer does not change his *contract of hire* from an Arizona contract to a California contract." 92 Ariz. at 201, 375 P.2d at 558. (emphasis in original)

Texas to work in Indiana entitled to seek workmens' compensation benefits in Texas, even though injury occurred in Indiana. *Cf. Jensen v. Floair, Inc.*, 212 Neb. 740, 326 N.W.2d 19 (1982), an employer was not subject to the workers' compensation laws of Nebraska (even though the employee's contract of employment was entered into in Nebraska), where the employee's death occurred in another state, and the employer, a Kansas corporation, had not conducted business in Nebraska.

■ This Court is not unmindful that the particular statutes cited above of foreign states specifically emphasize the place where the injured employee was hired, as relevant to the question of whether jurisdiction exists to award workers' compensation benefits. By contrast, the West Virginia statutes, *W.Va.Code*, 23–2–1 [1976], and *W.Va.Code*, 23–2–1a [1975], focus upon the question of whether an injured employee's employment in a state other than West Virginia was temporary or transitory in nature. Nevertheless, we are of the opinion that the hiring of an employee in West Virginia is a factor to be considered concerning the question of whether that employee's work in a foreign state is, in fact, temporary or transitory.

■ We hold that an employee injured in another state in the course of and resulting from his employment is entitled to seek workers' compensation benefits in West Virginia, where the employee's employment in the other state is temporary or transitory in nature within the meaning of *W.Va.Code*, 23–2–1 [1976], and *W.Va.Code*, 23–2–1a [1975], under which statutes "employers" and "employees" subject to this State's workers' compensation laws are determined.

■ The temporary or transitory nature of Fausnet's Ohio employment is evidenced by the fact that Fausnet was hired in West Virginia and worked in Nitro and Elkins, West Virginia, for a time prior to his assignment to the Ohio drilling operation. The record does not indicate that Fausnet was to be permanently located in Ohio. Furthermore, Appalachian maintained an office in Charleston, West Virginia. Under the circumstances of this case, we can only conclude that Appalachian's contact with West Virginia was sufficient within the meaning of this State's workers' compensation laws to enable Fausnet to seek workers' compensation benefits in West Virginia.

Upon all of the above, the final order of the West Virginia Workers' Compensation Appeal Board, that Fausnet "was not an employee subject to coverage" under this State's workers' compensation laws, is hereby reversed, and this case is remanded to the West Virginia Workers' Compensation Commissioner with directions that Fausnet's claim for benefits be held compensable.

Reversed and remanded.