591 S.E.2d 158

Brian Chad McGILTON and Regina McGilton, Plaintiffs Below, Appellants,

v.

U.S. XPRESS ENTERPRISES, INC., a Foreign Corporation, Defendant Below, Appellee.

No. 31324.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 28, 2003.

Decided Nov. 21, 2003.

Mark A. Blevins, Esq., The Law Offices of Mark A. Blevins, Wheeling, for Appellants.

Avrum Levicoff, Esq., Ryan J. King, Esq., Brown & Levicoff, P.C., Pittsburgh, PA, for Appellee.

PER CURIAM.

This is an appeal by Brian Chad McGilton and Regina McGilton, his wife, from an order of the Circuit Court of Marshall County dismissing their deliberate intent action under West Virginia's workers' compensation law. The court held that the workers' compensation law of either Tennessee or Texas, rather than that of West Virginia, governed their action and that the West Virginia law which formed the basis of their complaint does not apply under the particular facts presented. The court also held that the Circuit Court of Marshall County was not the proper venue for the bringing of their action. On appeal, the appellants claim that the circuit court erred in holding that West Virginia law did not apply and that Marshall County was the proper venue for the action.

## I.

## FACTS

The appellant, Brian Chad McGilton, a West Virginia resident, was a truck driver who was employed by the appellee, U.S. Xpress Enterprises, Inc.,in the State of Ohio to drive a truck and make deliveries to various points throughout the United States. In the course of his employment, he was required to "partner with," or work with, another employee of U.S. Xpress Enterprises, Inc., Karen Simpson.

Prior to the incident giving rise to the present action, the appellant, Brian Chad McGilton, filed several complaints with his employer alleging that Karen Simpson had been inadequately trained and that she was a reckless driver. The employer, U.S. Xpress Enterprises, Inc., nonetheless, required the appellant to work with Ms. Simpson, and on November 9, 1999, while riding in a truck which she was driving, the appellant was seriously injured when Ms. Simpson overturned the truck. The accident occurred in Van Horn, Texas.

Following the accident, a workers' compensation claim was filed for Brian Chad McGilton in Tennessee, where his employer, U.S. Xpress Enterprises, Inc., maintained its corporate headquarters. Pursuant to that claim, the appellant was paid under a private workers' compensation insurance contract between the employer and Travelers' Property Casualty Insurance Company.[1]

---

1. The Court notes that during oral argument, the appellants argued that the appellant, Brian Chad McGilton, has not filed a claim in Tennessee and suggested that no claim had been paid there. A Tennessee Employers First Report of Injury is included in the record as is a notice from Travelers' Property Casualty Insurance Company dated January 31, 2000, indicating that benefits had been paid for the injuries resulting from the accident.

Subsequently, the appellants filed the present deliberate intent action in West Virginia pursuant to the deliberate intent provisions of West Virginia's workers' compensation law. In the complaint, the appellants claimed that Brian Chad McGilton's employer, U.S. Xpress Enterprises, Inc., had actual knowledge that he was working in unsafe conditions while riding with Ms. Simpson and had nonetheless directed him to drive with her. They also claimed that the employer's actions violated state and/or federal safety requirements and constituted a departure from, and violation of, well-known industry safety standards. They, in effect, asserted that because the employer, U.S. Xpress Enterprises, Inc., required Brian Chad McGilton to work with Ms. Simpson, it was responsible for his injuries under West Virginia's deliberate intent statute.

Following the filing of the complaint, discovery was conducted and U.S. Xpress Enterprises, Inc. moved to dismiss the action in the Circuit Court of Marshall County for lack of venue and also for the reason that the deliberate intent provisions of West Virginia's workers' compensation law did not apply since the accident involved in the case occurred in the State of Texas, since the employer's corporate headquarters was located in Tennessee, and since a workers' compensation claim had been filed in the State of Tennessee.

After considering the motion to dismiss, the Circuit Court of Marshall County, as has been previously stated, granted it and concluded that West Virginia's deliberate intent provision did not apply and that it did, in fact, lack venue to consider the case.

On appeal, the appellants assert that the court erred in ruling that West Virginia's deliberate intent provisions did not apply under the circumstances of the case.

## II.

### STANDARD OF REVIEW

■ In appeals such as the present one, challenges to the circuit court's findings of fact are to be reviewed under a clearly erroneous standard, and the circuit court's conclusions of law are to be reviewed *de novo.*

*Burgess v. Porterfield,* 196 W.Va. 178, 469 S.E.2d 114 (1996).

## III.

### DISCUSSION

■ The question in the present case is whether the West Virginia Workers' Compensation Act applies to the appellant, Brian Chad McGilton, who was employed as a truck driver by a foreign corporation and who was injured in the State of Texas. The appellants claim that because Brian Chad McGilton was a West Virginia resident, because he parked his truck in West Virginia, and because he, or his company, on occasion, made deliveries in, and engaged in some business in West Virginia, West Virginia Workers' Compensation Act should apply.

West Virginia Code 23–2–1a defines individuals who are "employees" covered by the West Virginia Workers' Compensation Act. It states that:

> (a) Employees subject to this chapter are all persons in the service of employers [as defined by the Act] and employed by them for the purpose of carrying on the industry, business, service or work in which they are engaged, including, but not limited to:

> (1) Persons regularly employed in the state whose duties necessitate employment of a temporary or transitory nature by the same employer without the state;

The same Code section also provides that certain workers are specifically covered: state and governmental employees, mine rescue team members, forest firefighters, and certain working students.

Cases interpreting this statute have dealt with the question of whether workers who worked a portion of their time in West Virginia and a portion of their time outside (or without) it are covered. Where the worker is injured in West Virginia and the employer is a foreign corporation or business, the Court has indicated that there are five factors which must be considered in assessing whether the worker is covered: (1) whether the employer obtained authorization to do business in West Virginia; (2) whether the

employer operated a business or plant or maintained an office in West Virginia; (3) whether the injured employee was hired in West Virginia; (4) whether the employer regularly hired other West Virginia residents to do work at a West Virginia facility or office; and (5) whether the employee in question worked on a regular basis at a West Virginia facility for the employer prior to the injury. *Van Camp v. Olen Burrage Trucking, Inc.,* 184 W.Va. 567, 401 S.E.2d 913 (1991). A key factor in this analysis is regular work by the worker in West Virginia prior to injury, a factor originally expressed in W. Va.Code 23–2–1a covering "[p]ersons regularly employed in the state." In the *Van Camp* case, the Court concluded that the worker, who was engaged in interstate long-haul trucking, and who occasionally drove through West Virginia, could not be said to have "worked ... in West Virginia on a regular basis prior to the accident at issue ...." 184 W.Va. at 569–70, 401 S.E.2d at 915–16.

■ Where a worker is employed by a domestic West Virginia corporation or business, regular work by the worker in West Virginia prior to injury, and "temporary" work outside the state at the time of injury, are again key factors, for in a number of cases the Court recognized that a worker who regularly worked in West Virginia, but who was injured in a foreign state, while temporarily working in that foreign state, could collect West Virginia workers' compensation benefits. *Fausnet v. State Workers' Compensation Commissioner,* 174 W.Va. 489, 327 S.E.2d 470 (1985),; *Mitchell v. Clowser,* 153 W.Va. 552, 170 S.E.2d 753 (1969); and *Foughty v. Ott,* 80 W.Va. 88, 92 S.E. 143 (1917).

In the Syllabus of *Fausnet v. State Workers' Compensation Commissioner, supra,* the Court concluded:

An employee injured in another state in the course of and resulting from his employment is entitled to seek workers' compensation benefits in West Virginia, where the employee's employment in the other state is temporary or transitory in nature within the meaning of W.Va.Code, 23–2–1 [1976], and W.Va.Code, 23–2–1a [1975], under which statutes "employers" and "employees" subject to this State's workers' compensation laws are determined.

In the *Fausnet* case, the employee worked in Nitro and Elkins, West Virginia, consistently, for some time, prior to being temporarily assigned to a drilling operation in Ohio. In *Mitchell v. Clowser, supra,* the employee regularly worked for a West Virginia mobile home retailer in Braxton County and was temporarily in Ohio inspecting a particular mobile home when he was injured. In *Foughty v. Ott, supra,* the Court indicated that the employee could recover if he was employed to shoot gas wells in West Virginia and he was killed while temporarily acting in the course of his employment in Kentucky.

The plain thrust of the authorities is that for a worker who is injured in a foreign state to be eligible for the benefits of the West Virginia Workers' Compensation Act, the worker must have worked regularly in West Virginia prior to his injury, and the injury must have occurred while he was temporarily working in the foreign state.[2]

The record in the case presently before the Court shows that prior to his injury, the appellant, Brian Chad McGilton, worked as an interstate truck driver, similar to the employee involved in *Van Camp v. Olen Burrage Trucking, Inc., supra.* Although the appellants suggested that he parked his truck in West Virginia between runs and that he might have occasionally made deliveries inside the state, the evidence shows that the overwhelming bulk of his activity occurred

**2.** The Court notes that recently in *Russell v. Bush & Burchett, Inc.,* 210 W.Va. 699, 559 S.E.2d 36 (2001), the Court articulated a different basis for extending West Virginia workers' compensation benefits to an employee injured in another state. The employee in that case was working in Kentucky on a West Virginia state-funded construction project, a bridge which crossed from West Virginia to Kentucky. The State, in letting to contract, has specified that the project employees would be covered by West Virginia workers' compensation law, and the State, in effect, had iterated the public policy that such workers would be covered. No state-funded project is involved in the present case, and as a consequence, the Court does not believe that the *Russell* case controls.

outside the state, and, in this Court's opinion, it cannot be said that he was regularly employed within the state prior to his injury, within the meaning of West Virginia law, or that his employment out of state was "temporary," so as to entitle him to the benefits of West Virginia's Workers' Compensation Act.

In view of this conclusion and the holding in *Fausnet v. State Workers' Compensation Commissioner, supra,* this Court does not believe that the Circuit Court of Marshall County erred in dismissing the appellants' action.[3]

For the foregoing reasons, the judgment of the Circuit Court of Marshall County is affirmed.

Affirmed.

---

**3.** The Court notes that the circuit court also found that it lacked venue to hear this action and that the appellants challenge the court's holding on this point. Since this Court has concluded that the appellants cannot bring their action on the substantive ground discussed in this opinion, the Court believes that it is unnecessary to discuss the venue issue.