# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**JESSICA L. CASSEL, DEPENDENT OF DALE CASSEL (DECEASED),**
**Claimant Below, Petitioner**

**FILED**
**March 6, 2023**
EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)     No. 22-ICA-211       (JCN: 2021002361)**

**ASPEN BUILDERS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jessica L. Cassel, dependent of Dale Cassel, Jr. (deceased), appeals the October 4, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Aspen Builders, Inc. ("Aspen") filed a timely response.[1] Ms. Cassel did not file a reply.

The issue on appeal is whether the Board erred in affirming the claim administrator's order denying a Workers' Compensation Fatal Dependents' Benefits claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 9, 2020, Mr. Cassel was driving a truck in Kentucky when he went over a hill and was ejected from the vehicle; his injuries were fatal. Mr. Cassel was working for respondent, Aspen Builders, Inc. ("Aspen"), a West Virginia company, at the time of his accident. Ms. Cassel, wife of the decedent, submitted an Application for Fatal Dependents' Benefits dated July 16, 2020.

Aspen's Risk/Safety Director, Starann Vannater, indicated in the First Report of Injury that the state in which Mr. Cassel was hired was West Virginia, and his primary work location was in Daniels, West Virginia.

---

[1] Petitioner is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. Respondent is represented by H. Dill Battle, III, Esq.

The claim administrator issued an order dated July 31, 2020, denying dependent benefits for lack of jurisdiction because Mr. Cassel was killed while working in Kentucky on a non-temporary basis. To be entitled to benefits under the West Virginia Workers' Compensation system an employee's work in another state must be on a temporary or transitory basis. *See* West Virginia Code § 23-2-1a (2021).

The Vice President of Aspen, Ashley Adkins, submitted an affidavit dated February 16, 2021. In the affidavit, Mr. Adkins stated that Mr. Cassel was specifically hired to work on two projects in Kentucky. He stated that Mr. Cassel worked for Aspen in West Virginia from June 29, 2020, to July 2, 2020, and then in Kentucky from July 6, 2020, until the accident on July 9, 2020. Mr. Adkins stated those two projects were the only two the Aspen had ongoing at the time of Mr. Cassel's death.

On September 21, 2021, Mr. Adkins was deposed. He testified that he did not have any documentation to corroborate what he discussed with Mr. Cassel when he personally hired him but stated that Mr. Cassel had indicated that traveling for work would not be an issue. Mr. Adkins testified that the two Kentucky projects were completed on or around September or October of 2020. He stated that at a job site the crew varied, from three to six people, and six to ten people at the different sites.

Ms. Cassel was deposed on March 10, 2021. She testified that based on her conversations with Mr. Cassel, he indicated that he would be working in multiple locations and not exclusively in Kentucky. She testified that she did not believe Mr. Cassel would accept a job that placed him exclusively in Kentucky, as he wanted to be close to their family and they were in the process of buying a home in West Virginia at that time. She stated they had lived in West Virginia since 2018. Further, she stated that Mr. Cassel worked on projects in West Virginia from June 29, 2020, through July 2, 2020. Ms. Cassel also testified as to the content of text messages her husband had sent indicating that he did not know from week-to-week whether he would be working in West Virginia or Kentucky.

On October 4, 2022, the Board issued a decision affirming the claim administrator's order denying the claim for lack of jurisdiction. The Board concluded that Mr. Cassel's work in Kentucky had not been temporary or transitory in nature. Ms. Cassel appeals that order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the

2

petitioner or petitioners have been prejudiced because the Board of Review's findings are:
(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, No. 22-ICA-10, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17546598, at *4 (Ct. App. Dec. 9, 2022).

On appeal, Ms. Cassel argues that the Board erred because the preponderance of the evidence establishes that the state of West Virginia has jurisdiction over Mr. Cassel's accident because he was hired in West Virginia, lived in West Virginia, and originally worked in West Virginia for a West Virginia company. Ms. Cassel further argues that the Board's order is not based on any facts or evidence and the Board was clearly wrong for assuming that Mr. Cassel would have worked in Kentucky for thirty days or more.

West Virginia Code § 23-2-1a (2021) provides, in relevant part:

(a) Employees subject to this chapter are all persons in the service of employers . . . and employed by them for the purpose of carrying on the industry, business, service, or work in which they are engaged, including, but not limited to:
(1) Persons regularly employed in the state whose duties necessitate employment of a temporary or transitory nature by the same employer without the state . . . .

The Supreme Court of Appeals held that:

"[t]he plain thrust of the authorities is that for a worker who is injured in a foreign state to be eligible for the benefits of the West Virginia Workers' Compensation Act, the worker must have worked regularly in West Virginia prior to his injury, and the injury must have occurred while he was temporarily working in the foreign state."

*McGilton v. U.S. Xpress Enterprises*, 214 W. Va. 600, 603, 591 S.E.2d 158, 161 (2003).

"Temporarily" is defined in the West Virginia Code of State Rules § 85-8-3.17 (2021) as "Temporary or Temporarily, as the term is used in W. Va. Code §§ 23-2-1(b)(3),

23-2-1a(a)(1), and 23-2-1c(c), and in this rule, means for a period not exceeding thirty (30) calendar days within any three hundred and sixty-five (365) day period."

"Transitory" is defined in the West Virginia Code of State Rules § 85-8-3.18 as, "Transitory, as the term is used in W. Va. Code § 23-2-1a(a)(1) and this rule, means for a period not exceeding thirty (30) calendar days within any three hundred and sixty-five (365) day period."

After review, we conclude that the Board was not clearly wrong in finding that Mr. Cassel's work in Kentucky was not temporary or transitory due to Mr. Adkins' testimony that Mr. Cassel would be working in Kentucky for over thirty days and the project he was working on when he sustained the fatal injury did continue beyond thirty days. Thus, the Board found that Ms. Cassel is not entitled to Workers' Compensation benefits in West Virginia.

Finding no error in the Board's October 4, 2022, order, we affirm.

Affirmed.

**ISSUED:** March 6, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

4