# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Jessica Marie Mize, et al.,**
**Plaintiff Below, Petitioner**

vs) **No. 16-0413** (Raleigh County 15-C-872)

**Commonwealth Mining, LLC, et al.,**
**Defendants Below, Respondents**

**FILED**

**April 7, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Jessica Marie Mize, individually and as the administratrix of the estate of Justin Mize, ("Mr. Mize" or "the decedent") and guardian and next friend of B. M., K. M., and A. M., minor children of Justin Mize, by counsel Timothy C. Bailey, J. Ryan Stewart, Kyle G. Lusk, and William A. Hayes, appeal the order of the Circuit Court of Raleigh County that dismissed her deliberate intent claim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the West Virginia Rules of Civil Procedure. Respondents Commonwealth Mining, LLC; Cox Enterprises, LLC; and LC Management, LLC; by counsel Kevin L. Carr and Mitchell J. Rhein, filed a response. Petitioner submitted a reply brief.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The decedent was a resident of Tennessee at the time of his death. Respondent Commonwealth Mining, is a West Virginia limited liability company with its principal place of business in Beckley, West Virginia. Respondent is engaged in the business of mining and selling coal through operations in Kentucky and West Virginia.

On March 6, 2012, respondent hired Mr. Mize to work at the Tinsley Branch mine in Pineville, Kentucky. The circuit court found that respondent received "brief" training in West Virginia, but his entire work at issue here was spent in the Commonwealth of Kentucky.[1] On October 7, 2014, the decedent was killed while working as a forklift operator on the day shift at the Tinsley Branch mine. On October 5, 2015, Petitioner Jessica Mize, individually and as

---

[1] Respondent disputes the finding that Mr. Mize received any training in West Virginia and asserts that its records reflect that Mr. Mize received training certificates in Kentucky, and that "there is no evidence that Mr. Mize received any training in West Virginia."

1

guardian of petitioner's three children, filed a deliberate intent action against respondent pursuant to West Virginia Code § 23-4-(2)(d)(2) in Raleigh County Circuit Court.[2]

On November 30, 2015, respondent filed a motion to dismiss petitioner's deliberate intent action for lack of subject matter jurisdiction under West Virginia Rule of Civil Procedure 12(b)(1). Respondent argued that Mr. Mize was not an "employee" subject to the West Virginia Workers' Compensation Act ("WVWCA") because he was hired in Kentucky, worked in Kentucky, and died in Kentucky. Respondent asserted that the Kentucky Workers' Compensation Act applied to the deliberate intent claim, and, "because plaintiff pled her action under West Virginia law," the court could not grant the relief demanded. Petitioner filed a response arguing that under West Virginia Code § 23-2-1, the circuit court had subject matter jurisdiction over the West Virginia deliberate intent claim.

On January 21, 2016, the circuit court heard oral argument on the motion. On March 25, 2016, the circuit court dismissed petitioner's complaint holding that the WVWCA does not apply to petitioner's deliberate intent action against respondent. Citing *McGilton v. U.S. Xpress Enterprises, Inc.*, 214 W. Va. 600, 603, 591 S.E.2d 158, 161 (2003)[3], the circuit court found that Mr. Mize was "never regularly employed in West Virginia and his death did not occur while he was temporarily working in Kentucky." The circuit court held further that the decedent "would be covered under the Kentucky Workers' Compensation Act, inasmuch as defendant Commonwealth Mining is insured in the Commonwealth of Kentucky," and that petitioner's rights lie exclusively under the laws of the Commonwealth of Kentucky. The circuit court also dismissed petitioner's wrongful death claims stating that pursuant to *lex loci delicti*, Kentucky law applies to petitioner's wrongful death claim, and therefore petitioner failed to state a claim upon which relief could be granted pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. Petitioner now appeals the dismissal of her deliberate intent claim in the circuit court of Raleigh County.

Petitioner asserts three assignments of error on appeal. Petitioner complains that (1) the circuit court's decision is contrary to the express language of West Virginia Code § 23-2-1c and West Virginia C.S.R. § 85-8-7.3 and 7.4.; (2) the circuit court's decision is contrary to this Court's precedent set forth in *Easterling v. Am. Optical Corp.*, 207 W. Va. 123, 133-34, 529 S.E.2d 588, 598-99 (2000), *McGilton*, and *Gallapoo v. Wal-Mart Stores*, 197 W. Va. 172, 475 S.E.2d 172 (1996); and (3) the circuit court's decision applying the principles of *lex loci delicti* is contrary to this Court's precedent which expressly requires application of the principles of comity.

---

[2] Petitioner alleged deliberate intent pursuant to West Virginia Code § 23-4-2(d)(2)(ii) in counts one and two of her complaint, and wrongful death/negligence in count three. In all three counts petitioner alleged that Mr. Mize's estate and its beneficiaries suffered losses pursuant to the West Virginia Wrongful Death Act, West Virginia Code § 55-7-6(c)(1) and (2).

[3] "The plain thrust of the authorities is that for a worker who is injured in a foreign state to be eligible for the benefits of the West Virginia Workers' Compensation Act, the worker must have worked regularly in West Virginia prior to his injury and the injury must have occurred while he was temporarily working in the foreign state."

Our review of a circuit court's order granting a motion to dismiss is de novo. Syl. Pt. 2, *State ex. Rel. McGraw v. Scott Runyan Pontiac Buick*, 194 W. Va. 770, 461 S.E.2d 516 (1995). Moreover, "[w]henever it is determined that a court has no jurisdiction to entertain the subject matter of a civil action, the forum court must take no further action in the case other than to dismiss it from the docket." Syl. Pt. 1, *Hinkle v. Bauer Lumber & Home Bldg. Ctr., Inc.*, 158 W. Va. 492, 211 S.E.2d 705 (1975).

Petitioner first argues that the circuit court's decision directly contradicts the language contained in West Virginia Code § 23-2-1c, and West Virginia C.S.R. §85-8-7.3 and 7.4. Petitioner also argues that, in granting the motion to dismiss, the circuit court mistakenly applied the holdings of *Easterling*, *Gallapoo*, and *McGilton*. Petitioner complains that at the time of Mr. Mize's death, Respondent Commonwealth Mining was a West Virginia employer with workers' compensation coverage provided by BrickStreet Insurance and required to provide this coverage for Mr. Mize pursuant to West Virginia Code § 23-2-1c. Petitioner argues that the determination of coverage is governed by West Virginia C.S.R. § 85-8-7.3, which provides that an employer "does not have to provide West Virginia workers' compensation coverage for employees who perform work for the employer in a state other than the State of West Virginia on a non-temporary basis;" and West Virginia C.S.R. § 85-8-7.4, allows for employers and employees to mutually agree to be bound by the worker's compensation laws of a particular state. Petitioner argues further that under these provisions, Mr. Mize was working for a West Virginia employer with West Virginia workers' compensation coverage, and was eligible for coverage under the West Virginia workers' compensation scheme. Petitioner asserts that Mr. Mize's employment was covered under Kentucky and West Virginia law, and that under Rule 7.4, the only basis under which respondent could claim that Mr. Mize's claim is only covered under Kentucky law would be under the provisions of a written agreement.

Pursuant to West Virginia Code § 23-2-1c(c),

If [an] employee *is a resident of a state other than this state* and *is subject to the terms and provisions of the workers' compensation law or similar laws of a state other than this state*, the employee and his or her dependents are not entitled to the benefits payable under this chapter on account of injury, disease or death *in the course of and as a result of employment temporarily within this state*, and the rights of the employee and his or her dependents under the laws of the other state shall be the exclusive remedy against the employer on account of any injury, disease or death.

W.Va. Code § 23-2-1c(c) (emphasis added).

An application of this code section to this case reveals that the circuit court did not err in finding that the West Virginia Workers' Compensation Act does not apply to petitioner's claim. The circuit court found that Mr. Mize was never regularly employed in West Virginia, and that at the time of his death Mr. Mize was employed, and worked in Kentucky. As a result, the circuit court held that Mr. Mize was covered under the Kentucky Workers' Compensation Act, and that the West Virginia Workers' Compensation Act did not apply. We agree with the circuit court. Commonwealth Mining carries workers' compensation insurance for its employees in the

3

Commonwealth of Kentucky. It is clear from the record that Mr. Mize was hired by Commonwealth Mining as a forklift operator in its Tinsley Branch mine in Pineville, Kentucky. Although the record reflects that Mr. Mize received some training in West Virginia, Mr. Mize's employment was performed in the State of Kentucky.

Likewise, the precedent cited by petitioner does not support her position.

We have held,

> [a]n employee injured in another state in the course of and resulting from his employment is entitled to seek workers' compensation benefits in West Virginia, where the employee's employment in the other state is temporary or transitory in nature within the meaning of W. Va. Code, 23-2-1 [1976], and W.Va. Code, 23-2-1a [1975], under which statutes 'employers' and 'employees' subject to this State's workers' compensation laws are determined.

Syl., *McGilton* (internal citations omitted). In *McGilton*, we determined whether the West Virginia Workers' Compensation Act applied to the appellant, who was employed as a truck driver by a foreign corporation and was injured in the State of Texas. This Court held that West Virginia was not a proper venue for the action because the driver's employer was located in Tennessee.

In *Gallapoo*, this Court held that a non-resident employee who is injured in this State and is protected under the terms and provisions of the workers' compensation laws of a foreign state shall not be entitled to the benefits and privileges provided under the West Virginia Workers' Compensation Act, including the right to file and maintain a deliberate intention action.

> Under W. Va. Code 23-2-1c(c) (1993), the workers' compensation scheme of another state is the exclusive remedy against the employer for a non-resident employee who is temporarily employed in this State, if such employee is injured in this State and is covered by the workers' compensation act of the other state. Syllabus Point 3, *Pasquale v. Ohio Power Co.,* 187 W.Va. 292, 418 S.E.2d 738 (1992). Therefore, a non-resident employee's rights against his employer would be exclusively under the laws of the foreign state, and no remedy would be available against the employer in West Virginia under our deliberate intention statute, W. Va. Code 23-4-2(c)(2) (1994).

Syl. Pt. 2, *Gallapoo*. Finally, in *Easterling*, this Court declined to allow a non-resident plaintiff to bring a West Virginia deliberate intent claim against his Ohio employer where the injury occurred in West Virginia. Citing *Gallapoo*, we held,

> "[a] non-resident employee who is injured in this State and is protected under the terms and provisions of the workers' compensation laws of a foreign state shall not be entitled to the benefits and privileges provided under the West Virginia Workers['] Compensation Act, including the right to file and maintain a deliberate intention cause of action under W. Va. Code § 23–4–2(c)(2) (1994)."

Syllabus point 3, *Gallapoo v. Wal–Mart Stores, Inc.,* 197 W.Va. 172, 475 S.E.2d 172 (1996).

Syl. Pt. 3, *Easterling*. Even if the decedent were injured in West Virginia, from the above precedent it is clear that petitioner would not have a remedy in the State of West Virginia, based upon the facts that petitioner was a non-resident, and Respondent Commonwealth Mining provided workers' compensation coverage in Kentucky. Therefore, it is clear that petitioner's claim was solely governed by the Kentucky Workers' Compensation statute, and that the circuit court lacked subject matter jurisdiction to hear petitioner's claims. Accordingly, we find petitioner's arguments have no merit and decline to reverse on those grounds.

Lastly, petitioner complains that the circuit court improperly dismissed her deliberate intent claim based upon the principles of *lex loci delicti*. Petitioner argues that the fact that Mr. Mize died in Kentucky is not dispositive that Kentucky law will apply to the deliberate intent claim. Petitioner's argument misunderstands the circuit court's order. The circuit court found that because petitioner's remedy for the deliberate intent claim was under Kentucky law, petitioner's West Virginia *wrongful death* claims must be dismissed pursuant to the doctrine of *lex loci delicti*. The circuit court wrote that,

> [t]he ability to maintain the plaintiff's causes of action against these defendants is dependent upon the application of the traditional conflicts of law doctrine of *lex loci delicti* (which requires application of the law of the place of the wrong), and would invoke Kentucky law on wrongful death claims against defendants.

We agree with the circuit court and find that because petitioner's deliberate intent claim is governed by Kentucky law, the circuit court did not improperly dismiss the wrongful death claims under West Virginia law. We have held, that "[i]n general, this State adheres to the conflicts of law doctrine of *lex loci delicti*." Syl. Pt. 2, *Mills v. Quality Supplier Trucking, Inc.*, 203 W. Va. 621, 510 S.E.2d 280 (1998) (internal citations omitted). Because petitioner's complaint failed to state a claim upon which relief could be granted, we find no error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 7, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISSENTING:**

Justice Robin Jean Davis
Justice Margaret L. Workman

5

Workman, J., dissenting, joined by Davis, J.:

Under a plain reading of the statute and regulations at issue, Respondent Commonwealth Mining, LLC, a West Virginia limited liability company with its principal place of business in Beckley, West Virginia, had a mandatory duty to provide its employee, the decedent Mr. Mize, West Virginia workers' compensation coverage absent a formal written agreement.

The majority quotes West Virginia Code § 23-2-1c(c) (2010) for the proposition that the West Virginia Workers' Compensation Act does not apply to petitioner's claim. However, that section clearly does not govern the outcome of this case because Mr. Mize died from injuries received in Kentucky, not West Virginia.[4] The statute relied upon by the majority provides:

> If the employee is a resident of a state other than this State and is subject to the terms and provisions of the workers' compensation law or similar laws of a state other than this State, the employee and his or her dependents are not entitled to the benefits payable under this chapter *on account of injury, disease or death in the course of and as a result of employment temporarily within this [S]tate*, and the rights of the employee and his or her dependents under the laws of the other state shall be the exclusive remedy against the employer on account of any injury, disease or death.

W.Va. Code § 23-2-1c(c) (emphasis added). Thus, West Virginia Code § 23-2-1c(c) is inapplicable to the instant case because Mr. Mize did not die "as a result of employment temporarily within this [S]tate."

The majority does not analyze petitioner's central argument, which is the applicability of West Virginia Code § 23-2-1c(a). That statute provides, in relevant part:

> Whenever, with respect to *an employee of an employer who is a subscriber in good standing to the workers' compensation fund* . . . there is a possibility of conflict with respect to the application of workers' compensation laws because the contract of employment is entered into and *all or some portion of the work* is performed or is to be performed *in a state or states other than this State*, the employer and the employee *may agree* to be bound by the laws of this State or by the laws of any other state in which all or some portion of the work of the employee is to be performed[.]

W.Va. Code § 23-2-1c(a) (emphasis added).

---

[4] Petitioner alleges that Mr. Mize's supervisor knowingly and intentionally directed him to proceed into an unsupported mine opening to retrieve a cutter head chain for a highway miner. The supervisor stood at the entrance of the mine opening and watched Mr. Mize proceed into the opening under the unsupported roof. Just as Mr. Mize reached the location of the chain, the mine roof collapsed, crushing him.

Mr. Mize was killed while working for Respondent, a business that carried West Virginia workers' compensation coverage through BrickStreet Insurance; it was unquestionably a West Virginia employer in good standing with the West Virginia Office of the Insurance Commissioner. Therefore, Mr. Mize was "an employee of an employer who is a subscriber in good standing to the workers' compensation fund[.]" W.Va. Code § 23-2-1c(a).

Moreover, there was "a possibility of conflict with respect to the application of workers' compensation laws because the contract of employment" between Mr. Mize and Respondent provided that Mr. Mize would perform "all or some portion of the work" in a state "other than this State." *Id.* While his employer was a West Virginia company covered by the West Virginia Workers Compensation fund, Mr. Mize performed the majority of his work at the Tinsley Branch coal mine in Pineville, Kentucky.[5] Recognizing this potential conflict, our Legislature provided a mechanism wherein such an employer and the employee "may agree" to be bound by the laws in this State or another.[6] *Id.*

In addition to this statutory provision, our Legislature adopted a series of rules governing this issue. These rules provide a two-step process for situations whereby West Virginia employers who employ workers outside West Virginia, can avoid application of West Virginia workers compensation law to those employees when they are injured in another state. West Virginia Compensation Rule § 85-8-7.3, is part one of the two-step process. It provides, in part:

> **Employment by a West Virginia employer outside of the State of West Virginia.** Pursuant to West Virginia Code § 23-2-1(b)(3) and subdivision c., subsection 4.3. of this rule, an employer that is otherwise subject to the provisions of chapter twenty-three of the West Virginia Code *does not have to provide West Virginia workers' compensation coverage for employees who perform work for the employer in a state other than the State of West Virginia on a non-temporary basis*[.]

W.Va. C.S.R. § 85-8-7.3 (emphasis added). This rule flows directly into the second step, West Virginia Workers' Compensation Rule § 85-8-7.4, which provides: "**Agreements to be covered in a state other than West Virginia.** An employer and an employee who are both subject to the workers' compensation laws of a state other than West Virginia *may* enter into a written agreement in which the employer and employee both agree to be bound by the laws of the other state[.]" *Id.* (emphasis added).

Accordingly, a West Virginia employer and its employee may enter into an explicit written agreement stating that the employee will be covered under the laws of the other state.

---

[5] Petitioner, Mr. Mize's widow, submitted a sworn Affidavit stating that Mr. Mize "attended high-wall training at Beckley, West Virginia for three (3) days at a time and other company meetings over similar periods of time and on other occasions in West Virginia. He was there, working for the company on several occasions."

[6] Significantly, West Virginia Code 23-2-1c(a) *does not* state that the employee *will not* be covered by the West Virginia Workers' Compensation Act.

The parties herein submit that no agreement existed whereby Mr. Mize agreed to be bound by any other state's workers' compensation laws or waived his rights to coverage under the West Virginia Workers' Compensation Act.

Therefore, the critical question presented by this appeal is an issue of first impression before this Court: what is the effect of a *lack* of an agreement for situations governed by West Virginia Code § 23-2-1c(a) and West Virginia Code of State Rules §§ 85-8-7.3 and 7.4? The majority opinion wholly fails to address this issue.

I submit that the lack of an agreement must lead to the conclusion that the West Virginia employer and its employee would be subject to the provisions of West Virginia law *and* the law of the other state. Therefore, I disagree with the majority's conclusion that because "Mr. Mize was covered under the Kentucky Workers' Compensation Act . . . the West Virginia Workers' Compensation Act did not apply." The majority ignores petitioner's argument that our statute specifically addresses the situation whereby an employee is covered by the laws of West Virginia and another state. West Virginia Code § 23-2-1c(d) provides:

> If any employee or his or her dependents are awarded workers' compensation benefits or recover damages from the employer under the laws of another state for an injury received in the course of and resulting from the employment, the amount awarded or recovered, whether paid or to be paid in future installments, shall be credited against the amount of any benefits payable under this chapter for the same injury.

Thus, just because an employee receives workers' compensation benefits from another state does not prohibit that employee from receiving workers' compensation benefits in West Virginia, including the right to file a statutory deliberate intent claim. The law simply provides that any benefits or damages received under the laws of the other state "shall be credited" against the amount received under the laws of this State for the same injury, to avoid double-dipping. *Id.*

Consequently, the majority does not conduct the appropriate analysis of the relevant statute and rules. Moreover, the majority's examination of the case law is unavailing for two reasons. First, the majority fails to recognize that the critical distinction in *Easterling v. American Optical Corp.*, 207 W.Va. 123, 529 S.E.2d 588 (2000), *Gallapoo v. Wal-Mart Stores, Inc.*, 197 W.Va. 172, 475 S.E.2d 172 (1996), and *McGilton v. U.S. Xpress Enterprises, Inc.*, 214 W.Va. 600, 591 S.E.2d 158 (2003), is that none of those cases involve a West Virginia resident employer who was a subscriber in good standing to the West Virginia workers' compensation fund. Second, all three of those cases apply the law of the state where the employer was domiciled; therefore, these cases would actually support petitioner's contention.

I am persuaded by petitioner's argument that there are sound public policy grounds for requiring West Virginia employers to cover all employees, no matter where they work, unless there is an agreement expressly electing another jurisdiction where coverage would be provided. Without these provisions, an employee would have no idea what coverage, if any, would be available.

For the reasons set forth above, I respectfully dissent from the majority opinion. I am authorized to state that Justice Davis joins this dissent.