# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**GREEN TEK BUILDING SOLUTIONS, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 21-0048** (BOR Appeal No. 2055470)
                        (Claim No. 2018019669)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**STEVEN P. BAILEY,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Green Tek Building Solutions, Inc. ("Green Tek"), by Counsel Gregory S. Prudich, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Steven P. Bailey, by Counsel Reginald D. Henry, filed a timely response. The West Virginia Office of Insurance commissioner, by Counsel H. Dill Battle III, also filed a timely response.

The issue on appeal is compensability, specifically, whether Mr. Bailey was an employee of or an independent contractor for Green Tek at the time of his injury. The claims administrator held the claim compensable for open wound of the left forearm with tendon involvement on March 15, 2018.[1] The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decisions in its July 9, 2020, Order. The Order was affirmed by the Board of Review on December 18, 2020.

---

[1]In three separate Orders dated March 27, 2018, the claims administrator granted a change in physician from Simon Amsdell, M.D., to Robert Kropac, M.D., granted a request for a consultation with and treatment by Dr. Kropac; and granted temporary total disability benefits starting on February 13, 2018. These decisions were not directly challenged on appeal.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

> (d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board of Review. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Bailey, a laborer, injured his left forearm when a fluorescent light fell and struck him at work on February 13, 2018. Roger Ellis, owner of Green Tek, submitted an "Application for Exemption from WV Workers' Compensation Coverage" to the West Virginia Office of Insurance Commissioner ("WVOIC") on March 23, 2013, stating that it only used subcontractors. In a May 28, 2013, letter, the WVOIC granted Green Tek request for exemption from maintaining workers' compensation insurance until May 28, 2014, or until circumstances changed. On May 10, 2015, Green Tek posted a help wanted post indicating applicants would be hired as 1099 employees.

Text messages between Mr. Bailey and Roger Ellis between December 29, 2016, and January 25, 2017, indicate Mr. Bailey asked Roger Ellis questions about work assignments and paychecks. A January 26, 2018, paycheck from Green Tek indicates Mr. Bailey was paid $215. The memo line read "Subcontractor labor."

The February 20, 2018, Employees and Physicians' Report of Injury indicates Mr. Bailey was working in a closet on February 13, 2018, when a fluorescent light fell from the ceiling and struck his left forearm. Mr. Bailey stated that Jeremy Walker and Chris McBride witnessed the

incident. Mr. Bailey stated that he was a full time laborer/framer working for Green Tek at the time of the injury and had worked for the company for four weeks. His supervisor was Roger Ellis.

The claims administrator held the claim compensable for open wound of the left forearm with tendon involvement on March 15, 2018. On March 27, 2018, the claims administrator granted a change in physician from Dr. Amsdell to Robert Kropac, M.D. In a separate decision that day, the claims administrator granted a request for a consultation and treatment by Dr. Kropac. Also on March 27, 2018, the claims administrator granted temporary total disability benefits starting February 13, 2018.

In regard to Green Tek's primary argument that Mr. Bailey was an independent contractor who was not entitled to receive workers' compensation benefits, Mr. Bailey testified in an October 24, 2018, deposition that he was employed by Green Tek and its owner, Roger Ellis. He began working on January 10, 2017, or January 12, 2017. Mr. Bailey stated that he did not apply for a tax ID number from the federal government prior to beginning working for Green Tek, nor had he ever applied for an independent contractor license. Mr. Bailey attested that Mr. Ellis came to the jobsites once every day or two to inspect the work being done. Mr. Bailey was paid by the hour and was required to complete a timecard, which was turned in to Mr. Ellis weekly. Mr. Bailey was then paid by check from Green Tek. He stated that he was told where to work by coworkers or Mr. Ellis. Mr. Bailey testified that between January 10, 2018, and February 13, 2018, he worked sixteen to twenty days for Green Tek. On the day of his injury, Mr. Bailey was at a worksite in Pennsylvania. When he was transported to the hospital, Mr. Ellis arrived and told Mr. Bailey that he did not have workers' compensation insurance. Mr. Ellis stated that he would cover the medical bills himself. Mr. Bailey asserted that prior to the injury, he had worked for Mr. Ellis on three different houses. The only tools he brought with him to the jobsite were a hammer, tape measure, and a square. The remainder of the tools, including power tools and hand tools, were provided by Mr. Ellis and were locked in a trailer at the end of the workday. Mr. Bailey stated that there was a foreman, Chris McBride, who told Mr. Bailey what do to each day.

In answers to Interrogatories, Mr. Ellis asserted that he had zero employees and no workers' compensation coverage for the five years prior to the injury at issue. Mr. Ellis stated that he was exempt from workers' compensation from the time he opened in April of 2013. He asserted that he advised his hires that they were independent contractors. Mr. Ellis stated that Mr. Bailey was paid hourly as a subcontractor.

Chris McBride testified in a deposition on January 23, 2020, that he had worked with Mr. Ellis and Green Tek in the past as a labor contractor. He filed a W-9 and received a 1099 at the end of the year. Mr. McBride was usually paid hourly but was sometimes paid by the project, depending on what agreement he reached with Mr. Ellis. Mr. McBride stated that he set his own schedule. When he arrived at a worksite, Mr. Ellis told him what needed to be done that day. Mr. McBride used his own tools, but Mr. Ellis had tools available to borrow if needed. Mr. McBride said he worked on several projects for Green Tek, and Mr. Ellis was present nearly every time working alongside everyone else. Mr. McBride stated that he was free to take other jobs while working for Green Tek. Mr. McBride was working with Mr. Bailey at the time of Mr. Bailey's injury. Mr. McBride asserted that he was told it was contract work for Cocca Development. Cocca

Development set the work hours and the contractors reported to Ralph Harless, the supervisor. Mr. McBride did not see Mr. Ellis behaving in any supervisory capacity. Contractors reported their hours to and were paid by Cocca Development. On cross-examination, Mr. McBride stated that he did not have a direct arrangement with Cocca Development and that the job was contracted through Green Tek. Mr. McBride admitted that he was paid an hourly wage by Mr. Ellis. He stated that he had never had a contractor's license, nor had he ever applied for an exemption for workers' compensation coverage for an independent contractor. Mr. McBride testified that his work agreements with Mr. Ellis were all verbal. Mr. McBride stated that Mr. Ellis told everyone to bring their own tools for the Pennsylvania job, but Mr. Bailey forgot his. Mr. Bailey normally brought his own tools.

Mr. Ellis also testified in a January 23, 2020, deposition that he was the owner of Green Tek. He stated that 99% of the time, he worked with the men that he hired. The men were hired as independent contractors. Most jobs paid by the hour, but some paid by the job. Mr. Ellis asserted that he asked each worker to complete a W-9 and provided them with a 1099 each year. The workers submitted their hours to Mr. Ellis, and he paid them by check. Mr. Ellis stated that the workers made their own hours, decided their lunch and break times, and brought their own tools. He had tools which he sometimes let the men borrow if they needed them. Mr. Ellis stated that the workers were not prevented from having other jobs. Mr. Ellis testified that he informed Mr. Bailey before the first job that he had to be a contractor and that Mr. Bailey completed a W-9. Mr. Bailey did not work regularly and just occasionally called for jobs. Mr. Bailey did some painting for Mr. Ellis and brought his own supplies, made his own hours, and texted Mr. Ellis when he was done for payment. For the Pennsylvania job, Ralph Harless, from Cocca Development, called Mr. Ellis and asked him to bring as many workers as he could because there was a lot of work to be done. There was no written contract between Cocca Development and Green Tek. Mr. Ellis called some workers, including Mr. Bailey and Mr. McBride and told them of the job for Cocca Development. He stated that Cocca Development would pay the men and pay for their hotel rooms. Mr. Ellis asserted that he told the men that they were contractors of Cocca Development, and they all agreed. When they arrived, they were given general instructions on what to do but were not monitored as they worked. They came and went as they pleased for lunch and breaks and made their own work hours. Mr. Ellis stated that he had no supervising authority over the project or Mr. Bailey. The foreman onsite was Mr. Harless. Mr. Ellis stated that Mr. Bailey forgot his tools and had to borrow them from other people. He stated that it was customary on jobsites for specialty and large tools to be provided. Mr. Ellis testified that Cocca Development decided to pay Mr. Ellis and have him pay the workers he brought with him because Mr. Ellis had worked for the company before and already had direct deposit set up. All of the men completed their own time sheets for Cocca Development. Mr. Ellis stated that Green Tek no longer existed because his license was revoked on November 1, 2016. He was not registered with the Secretary of State's Office and had never provided workers compensation coverage for people he hired to do jobs. Mr. Ellis stated that it was his understanding when he started his business that he did not have to have workers' compensation insurance.

In its July 9, 2020, Order, the Office of Judges affirmed the claims administrator's decisions holding the claim compensable for open wound of the left forearm with tendon involvement, granting a change in physician from Simon Amsdell, M.D., to Robert Kropac, M.D.,

4

granting a request for a consultation and treatment by Dr. Kropac, granting temporary total disability benefits starting February 13, 2018, and granting Mr. Bailey a 2% permanent partial disability award. The Office of Judges found that all of the decisions depend on the issue of whether Green Tek was required to carry workers' compensation insurance coverage and whether Mr. Bailey was an employee of Green Tek at the time of his injury. The Office of Judges noted the five factors for determining if an employer must have workers' compensation insurance coverage established in the syllabus of *Van Camp v. Olen Burrage Trucking,* 184 W. Va. 567, 401 S.E.2d 913 (1991), as follows:

> (1)whether the employer obtained authorization to do business in West Virginia; (2) whether the employer operates a business or plant or maintains an office in West Virginia; (3) whether the injured employee was hired in West Virginia; (4) whether the employer regularly hires other West Virginia residents to work at a West Virginia facility or office, and; (5) whether the employee in question worked on a regular basis at a West Virginia facility for the employer prior to the injury at issue.

*Id.* at 567, 401 S.E.2d at 913, Syl. The Office of Judges also noted that the burden is on the employer to show that the injured worker was not an employee. Further, the Office of Judges stated that this Court previously held that the most important element in determining if an injured worker was an employee is the power of direction and control of the manner in which the work is to be performed. *Davis v. Fire Creek Fuel Co.*, 144 W. Va. 537, 109 S.E.2d 144 (1959). Finally, the Office of Judges, relying upon this Court's decision in *Myers v. Workers' Compensation Commissioner,* 150 W. Va. 563, 148 S.E.2d 664 (1966), stated that hourly payment is very strong evidence that someone is an employee not an independent contractor, along with the right to terminate without liability and the ownership of substantial equipment used on the job. *See id.* at 567-69, 148 S.E.2d at 667-68.

The Office of Judges found that Mr. Bailey has no special skills or tools and was instead a manual laborer. Mr. Bailey was paid hourly by Green Tek to perform various job activities. The Office of Judges found that it was difficult to conclude that Mr. Bailey was anything other than an employee of Green Tek. Further, the Office of Judges noted that Green Tek employed part-time office help, which Mr. Ellis also described as an independent contractor. The Office of Judges concluded that Mr. Ellis appears to have classified everyone working for him in various capacities as independent contractors. Regarding the fact that Mr. Bailey was injured in Pennsylvania, the Office of Judges cited *McGilton v. U.S. Xpress Enters*, 214 W. Va. 600, 591 S.E.2d 158 (2003), and found that Mr. Bailey regularly worked in West Virginia, with temporary work in Pennsylvania. Though the contract for the work was owned by Cocca Enterprises, Mr. Bailey was paid by Green Tek. The Office of Judges concluded that Mr. Bailey was an employee of Green Tek at the time of his injury and as such, it affirmed the claims administrator's decisions holding the claim compensable for open wound of the left forearm with tendon involvement, granting a change in physician from Simon Amsdell, M.D., to Robert Kropac, M.D., granting a request for a consultation and treatment by Dr. Kropac, granting temporary total disability benefits starting February 13, 2018, and granting Mr. Bailey a 2% permanent partial disability award. The Board

5

of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 18, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. While Mr. Ellis attempted to classify all of his employees as independent contractors, a preponderance of the evidence indicates that Mr. Bailey was an employee. Mr. Bailey was paid hourly by Mr. Ellis, used tools provided by Mr. Ellis, and was instructed what projects to complete by Mr. Ellis. The evidence shows that Mr. Bailey was an employee of Green Tek at the time of his injury, and he is entitled to compensability and benefits as granted by the claims administrator.

Affirmed.

**ISSUED: October 18, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

6