# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**JASON HEAVENER,**
**Claimant Below, Petitioner**

**FILED**
**February 20, 2024**
C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.)  No. 23-ICA-317**          (JCN: 2023017785)

**J.F. ALLEN COMPANY,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Jason Heavener appeals the June 21, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent J.F. Allen Company ("J.F. Allen") filed a timely response.[1] The issue on appeal is whether the Board erred in affirming the claim administrator's order dated March 23, 2023, which rejected Mr. Heavener's claim due to lack of jurisdiction.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, oral and written, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error.  For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.[2]

On January 13, 2023, while employed by J.F. Allen, Mr. Heavener was injured when a 3,000-pound pipe fell onto his right leg, crushing his leg and resulting in a traumatic amputation between his knee and hip. Mr. Heavener was injured in Greencastle, Pennsylvania, where he had been working continuously on a project for J.F. Allen since July 27, 2022. Mr. Heavener's injury was covered under Pennsylvania workers' compensation laws, and he has received Pennsylvania workers' compensation benefits.[3]

---

[1] Mr. Heavener is represented by Robert F. Vaughan, Esq., and Timothy C. Bailey, Esq. J.F. Allen is represented by Maureen Kowalski, Esq. and Kathryn Miller, Esq.

[2] This Court notes that on January 23, 2024, Rule 19 Oral Argument was held in Charleston, West Virginia.

[3] J.F. Allen maintains workers' compensation coverage in both West Virginia and Pennsylvania as required by law.

1

On February 27, 2023, Mr. Heavener also submitted his claim to the claim administrator in West Virginia.

On March 23, 2023, the claim administrator issued an order rejecting the claim due to lack of jurisdiction. The claim administrator determined that Mr. Heavener's work in Pennsylvania was not temporary or transitory in nature because he had been working there for more than 30 days, and that he was covered under Pennsylvania workers' compensation laws. Mr. Heavener protested this order.

On April 10, 2023, J.F. Allen's president, Gregory S. Hadjis, reported to the employer's counsel that the company had been awarded the job with Waste Management in Greencastle, Pennsylvania and work had begun on the job site in May 2022. Mr. Hadjis further reported that Mr. Heavener had been permanently assigned to that job on July 11, 2022. Mr. Hadjis was deposed on April 21, 2023. Mr. Hadjis testified that Mr. Heavener had worked continuously in Greencastle, Pennsylvania since July 25, 2022.[4] Mr. Hadjis further testified that J.F. Allen was headquartered in West Virginia.

Mr. Heavener submitted an affidavit dated May 2, 2023, in which he reported that he worked in Greencastle, Pennsylvania from August 2022 until he was injured on January 13, 2023. He further claimed that the project was not permanent and had an original end date of October 2022, until it was extended to January 2023. Mr. Heavener also asserted that both of the two prior projects for J.F. Allen that he had worked on in Pennsylvania were non-permanent projects.

On May 3, 2023, Mr. Heavener was deposed. He testified that he had lived in Wiley Ford, West Virginia for the last ten years. Mr. Heavener alleged that no one had ever indicated to him that he was to be permanently assigned to work in Pennsylvania. Mr. Heavener further testified that prior to working at the Greencastle job site, he worked almost exclusively in West Virginia.

Mr. Hadjis submitted further correspondence to J.F. Allen's counsel dated May 11, 2023. Mr. Hadjis stated that J.F. Allen has employees who reside in West Virginia, Ohio, and Pennsylvania. He asserted that J.F. Allen has completed six projects in Pennsylvania

---

[4] This Court notes that there seems to be a discrepancy between when Mr. Heavener was assigned to the Greencastle job and the exact date he started the job. However, based on the record it is clear Mr. Heavener worked continuously on the Greencastle job from July 27, 2022, until January 13, 2023, when he was injured.

since 2014. Mr. Hadjis further alleged that Mr. Heavener was assigned to work on the Greencastle project due to his skillset and the proximity of his residence to the location.[5]

On June 21, 2023, the Board affirmed the claim administrator's order, which rejected the claim due to lack of jurisdiction. The Board found that Mr. Heavener's work in Pennsylvania was not of a temporary or transitory nature because he had been working in Pennsylvania for more than thirty (30) days. Mr. Heavener now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022). "Questions of law arising in decisions issued by the Board are reviewed de novo." *Id.* (Citation Omitted).

On appeal, Mr. Heavener asserts four assignments of error, which will each be addressed in turn. The crux of Mr. Heavener's arguments is that the Board erred in affirming the claim administrator's order which denied the claim for lack of jurisdiction, because even though he worked more than thirty days within a three hundred and sixty-

---

[5] Wiley Ford, West Virginia, to Greencastle, Pennsylvania is approximately a seventy-five-mile drive.

five-day period, nothing in the workers' compensation statutes bar him from bringing a claim in both West Virginia and Pennsylvania.[6]

Notably, we are guided by West Virginia Code § 23-2-1a (2021), which provides, in relevant part:

> (a) Employees subject to this chapter are all persons in the service of employers . . . and employed by them for the purpose of carrying on the industry, business, service, or work in which they are engaged, including, but not limited to:
>
> (1) Persons regularly employed in the state whose duties necessitate employment of a *temporary or transitory* nature by the same employer without the state….

W. Va. Code § 23-2-1a (emphasis added).

West Virginia Code of State Rules §§ 85-8-3.17 and 85-8-3.18 (2021) define "temporary" and "transitory" as "a period not exceeding thirty (30) calendar days within any three hundred and sixty-five (365) day period."[7]

---

[6] Although Mr. Heavener is seeking coverage under both West Virginia and Pennsylvania, he is not seeking benefits under both. Nevertheless, during oral argument, it became apparent why Mr. Heavener filed a claim under both West Virginia and Pennsylvania workers' compensation laws. According to Mr. Heavener's counsel, both West Virginia and Pennsylvania have similar workers' compensation laws and provide similar benefits. However, while a claimant may bring a deliberate intent claim in West Virginia under our workers' compensation laws when a workers' compensation claim has been filed in West Virginia, Pennsylvania has effectively abolished a deliberate intent claim under its workers' compensation laws under these circumstances. *See Poyser v. Newman & Co., Inc.,* 514 Pa. 32, 522 A.2d 548 (1987).

[7] "Temporarily" is defined in West Virginia Code of State Rules § 85-8-3.17 (2021) as "'Temporary' or 'Temporarily,' as the term is used in W. Va. Code §§ 23-2-1(b)(3), 23-2-1a(a)(1), and 23-2-1c(c), and in this rule, means for a period not exceeding thirty (30) calendar days within any three hundred and sixty-five (365) day period." W. Va. C.S.R. § 85-8-3.17. "Transitory" is defined in West Virginia Code of State Rules § 85-8-3.18 as the "term is used in W. Va. Code § 23-2-1a(a)(1) and this rule, means for a period not exceeding thirty (30) calendar days within any three hundred and sixty-five (365) day period." W. Va. C.S.R. § 85-8-3.18.

Further, the Supreme Court of Appeals of West Virginia ("SCAWV") has held:

> [t]he plain thrust of the authorities is that for a worker who is injured in a foreign state to be eligible for the benefits of the West Virginia Workers' Compensation Act, the worker must have worked regularly in West Virginia prior to his injury, and the injury must have occurred while he was *temporarily* working in the foreign state.

*McGilton v. U.S. Xpress Enterprises*, 214 W. Va. 600, 603, 591 S.E.2d 158, 161 (2003) (emphasis added).

First, Mr. Heavener argues that under West Virginia Code of State Rules §§ 85-8-7.3 and 85-8-7.4 (2021), absent an agreement between J.F. Allen and himself stating that he would be covered under Pennsylvania workers' compensation laws, he is entitled to benefits under both Pennsylvania and West Virginia workers' compensation. We disagree.

West Virginia Code of State Rules § 85-8-7.3 (2021):

> Employment by a West Virginia employer outside of the State of West Virginia. Pursuant to West Virginia Code § 23-2-1(b)(3) and subsection 4.3.3 of this rule, an employer that is otherwise subject to the provisions of chapter twenty-three of the West Virginia Code does not have to provide West Virginia workers' compensation coverage for employees who perform work for the employer in a state other than the State of West Virginia on a non-temporary basis (i.e., for a period exceeding thirty (30) calendar days in any three hundred and sixty-five (365) day period): *Provided*, That the employer must provide West Virginia workers' compensation coverage for any employee working in the State of West Virginia and who is not otherwise exempt from West Virginia's workers' compensation laws on a non-temporary basis (i.e., for a period exceeding thirty (30) calendar days in any three hundred and sixty-five (365) day period) unless the employee has entered into an extraterritorial agreement described in section 7.4 of this rule.

Further, West Virginia Code of State Rules § 85-8-7.4 (2021) provides in relevant part:

5

Agreements to be covered in a state other than West Virginia. An employer and an employee who are both subject to the workers' compensation laws of a state other than West Virginia *may* enter into a written agreement in which the employer and employee both agree to be bound by the laws of the other state: *Provided*, That any employee entering into such an agreement must physically work for the employer entering into such agreement outside the State of West Virginia for a period of not less than thirty (30) calendar days in any three hundred and sixty-five (365) day period, and the employer must comply with the workers' compensation laws of the other state(s).

(Emphasis added).

While there was no agreement between Mr. Heavener and J.F. Allen providing that he would not be covered under West Virginia workers' compensation laws, that is not required by statute. West Virginia Code § 23-2-1c(a) (2022) provides in relevant part:

(a) Whenever there is a possibility of conflict with respect to the application of workers' compensation laws because the contract of employment is entered into and all or some portion of the work is performed or is to be performed in a state or states other than this state, the employer and the employee *may* agree to be bound by the laws of this state or by the laws of any other state in which all or some portion of the work of the employee is to be performed: *Provided*, That *nothing in this section shall be construed as to require an agreement in those instances where § 23-2-1(b)(3) or § 23-2-1a(a)(1) of this code are applicable.*

(Emphasis Added). Here, West Virginia Code § 23-2-1a(a)(1) is the applicable code section in Mr. Heavener's case. Thus, a written agreement is not required. Further, insofar as Mr. Heavener's argument relates to a claimant being entitled to workers' compensation under multiple states, if they meet the prerequisites for doing so, that is correct. Under West Virginia Code § 23-2-1c(d) (2022):

If any employee or his or her dependents are awarded workers' compensation benefits or recover damages from the employer under the laws of another state for an injury received in the course of and resulting from the employment, the amount awarded or recovered, whether paid or to be paid in future installments, shall be credited against the amount of any benefits payable under this chapter for the same injury.

6

However, here, that is not the case because Mr. Heavener does not meet the "temporary or transitory" requirement under West Virginia Code § 23-2-1a for West Virginia workers' compensation laws to apply to his claim.

Second, Mr. Heavener argues that Board erred in failing to apply the SCAWV holding in *Fausnet v. State Workers' Comp. Comm'r*, 174 W. Va. 489, 327 S.E.2d 470 (1985), to determine that Mr. Heavener was covered under West Virginia's workers' compensation laws. Mr. Heavener asserts that the SCAWV in *Fausnet* held that a worker in another state could be covered under West Virginia workers' compensation laws if they have a long history of work in West Virginia and there is a lack of evidence that their work is of a permanent nature outside of the state. *See Fausnet*, 174 W. Va. 489, 327 S.E.2d 470. We disagree.

While the SCAWV held that "the hiring of an employee in West Virginia is a factor to be considered concerning the question of whether that employee's work in a foreign state is, in fact, temporary or transitory," it is not dispositive. *Id.* at 493, 327 S.E.2d at 473-74. Given the plain language of West Virginia Code § 23-2-1a, in accordance with West Virginia Code of State Rules §§ 85-8-7.3 and 85-8-7.4, it is clear that Mr. Heavener's work in Pennsylvania was not of a temporary or transitory nature. Further, this case is distinguishable from *Fausnet*. Here, there is clear evidence that Mr. Heavener's work in Pennsylvania was not "temporary or transitory." Mr. Hadjis' testimony establishes that the job Mr. Heavener was assigned to when injured had been extended and he was going to continue working in Pennsylvania. Although Mr. Heavener testified that the Pennsylvania job was temporary and he would return to work in West Virginia, there is no evidence in the record of an end date of the job or any specific date that Mr. Heavener would in fact be returning to work in West Virginia.

Third, Mr. Heavener argues that the Board erred in failing to apply the five-factor test set forth by the SCAWV in *Van Camp v. Olen Burrage Trucking, Inc.*, 184 W. Va. 567, 401 S.E.2d 913 (1991), to determine the proper jurisdiction of his claim. Again, we disagree. Mr. Heavener's argument is displaced. In *Van Camp*, the SCAWV set forth determinative factors that must be considered in assessing whether a foreign corporation or business is required to subscribe to West Virginia's workers' compensation fund. *See Van Camp*, 184 W. Va. 567, 401 S.E.2d 913.[8] Here, J.F. Allen is a West Virginia company

---

[8] The five factors are as follows:

> (1) [W]hether the employer obtained authorization to do business in West Virginia; (2) whether the employer operates a business or plant or maintains an office in West Virginia; (3) whether the injured employee was hired in West Virginia; (4) whether the employer regularly hires other West Virginia

with workers' compensation in West Virginia, thus, *Van Camp* is irrelevant to Mr. Heavener's claim.

Lastly, Mr. Heavener argues that the Board erred in its reliance on *Cassel v. Aspen Builders, Inc.*, No. 22-ICA-211, 2023 WL 2366502 (Ct. App. March 6, 2023), as the facts of his case are distinguishable from *Cassel*, because it is not clear that he was permanently assigned to work in Pennsylvania. Again, we disagree. In *Cassel*, this Court held that an employee hired to specifically work on jobs outside of the State of West Virginia did not meet the "temporary or transitory" requirement to be eligible for workers' compensation in this state. *See id.* While this case can be distinguished, the principles are the same: Mr. Heavener's work in Pennsylvania was not of a temporary or transitory nature because there was no end date in sight, and he had been continuously working there for roughly five months.

Upon review, we conclude that the Board did not err in affirming the claim administrator's order denying Mr. Heavener's claim for lack of jurisdiction. While nothing would preclude a claimant from filing a workers' compensation claim in two states,[9] if they meet the prerequisites for doing so; here, it is clear Mr. Heavener's work in Pennsylvania was not of a "temporary or transitory nature" because he had been working there continuously for roughly five months.

Accordingly, we affirm the Board's order dated June 21, 2023.

Affirmed.

**ISSUED:** February 20, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Daniel W. Greear
Judge Charles O. Lorensen

---

residents to work at a West Virginia facility or office; and (5) whether the employee in question worked on a regular basis at a West Virginia facility for the employer prior to the injury at issue.

*Van Camp*, 184 W. Va. at 570, 401 S.E.2d at 916.

[9] *See* W. Va. Code § 23-2-1c(d).